### THE KOTKAS.
### SILBERBERG v. THE KOTKAS et al.
#### No. 16051.

District Court, E. D. New York.

Nov. 22, 1940.

David Drucker, of New York City, for libellant.

P. A. Beck, of New York City, for claimant and respondent.

GALSTON, District Judge.

This is a possessory libel. It appears that the libellant is a resident of the City of Tallinn, Estonia, and alleges that he is the true and lawful owner of S. S. Kotkas, a vessel now lying in the port of New York. It is alleged that Kallas was appointed by the libellant as master of the vessel; that on or about the 1st of September, 1940, the libellant removed Kallas as master and demanded possession of the vessel, but that the demand was refused by Kallas, who likewise refused to deliver possession of the ship's papers. Accordingly the libellant seeks to have the vessel delivered to him.

Kallas's answer admits that he is the master; that he was legally appointed as such; and alleges that the true owners of the vessel are J. Remmelgass, N. Vaino, E. Silberberg, M. Kronstrom and J. Onno, all residents of the port of Tallinn, Estonia. It is alleged that the libel was not filed in good faith, but on the contrary was filed under the instigation, duress or threats of the Russian Government which confiscated the S. S. Kotkas and other ships belonging to the above named owners for the purpose of taking the vessel to the port of Murmansk, pursuant to a confiscation decree of the Russian Government, promulgated since the annexation of the Republic of Estonia by the Russian Government, without compensation to her real and true owners.

The answer of the claimant Kaiv admits that Kallas is the master legally appointed; alleges that he is the duly accredited Consul General of the Republic of Estonia at the port of New York and recognized as such by the Government of the United States; that under the laws of the Republic of Estonia, at the time before the forceable invasion and annexation by the United Soviet Socialist Republic, the claimant is the constituted trustee of the property of any Estonian National who for any reason is incapable of acting for himself. It is further alleged that the United States has not recognized the forceable annexation of the Republic of Estonia by the United Soviet Socialist Republic.

At the trial the libellant called no witness and offered no competent testimony, and rested subject to an application for the issuance of letters rogatory to prove ownership.

The respondent and claimant went forward with the proof and they established that on July 23, 1940, as appears in the Official Gazette of Estonia for the issue of that day, among other matters were the following: " * * * the Chamber of Deputies proclaims nationalization of banks and large industrial enterprises in the entire territory of Estonia." And: "from now on are proclaimed as property of the people, that is of the State, of banks, together with their treasures, of large industrial enterprises, mines and transportation enterprises." And: "The Chamber of Deputies charges the Government with the duty to draw up and approve without delay a list of enterprises that are subject to nationalization."

In the State Gazette for July 28, 1940, the following provision is noted concerning a list of shipping enterprises subject to nationalization: "The shipping enterprises whose part owners are M. Kronstrom, J. Remmelgass, N. Vaino, E. Silberberg and J. Onno."

The record establishes from the various decrees of the Government after the Russian occupation that the Kotkas was a vessel owned by Kronstrom, Remmelgass, Vaino, Silberberg and Onno, and was among the properties nationalized. It is to

be observed also that the name of the libellant, Juri Silberberg, does not appear in any of the documentary evidence. From all the evidence then it appears that there is nothing before the court to show that the libellant is the owner. Moreover, from these governmental decrees it would appear that none of the persons forming the "ship enterprises" could any longer give orders concerning the ships, or powers of attorney relating to any interest in the ships, because, as between them and the Government of Estonia as occupied and controlled by the United Soviet Socialist Republic, the Government became the owner.

So this suit would fail for that reason if for no other. However, there was offered in evidence a communication from our State Department as of October 24, 1940, reciting that this Government does not recognize the absorption of Estonia by the Union of Soviet Socialist Republics and indeed continues to recognize Johannes Kaiv (i. e. the claimant) as acting Consul General of Estonia. Thus there arises a somewhat anomalous situation resulting from the plight of the owners who are residents of Estonia and subject to the compulsion of the decree of July 28, 1940, which provided among other matters: "All ship owners are compelled, in accordance with this regulation, to give immediately the necessary instructions to the masters of vessels by telegraph or radio." And further: "All ship owners are compelled in accordance with this regulation, to refuse to make further voyages, even if respective agreements have been made." And further: "All Estonian ships are compelled to hoist the flag of Russia."

Not only does our Government not recognize the validity of these decrees but also the executive order of the United States Government, No. 6560 of April 10, 1940, supplemented by executive order of July 15, 1940, popularly known as "freezing orders", in effect prevents the transfer of property of nationals of invaded countries so that such property may not inure to the benefit of the aggressors.

At the conclusion of the trial there was no formal motion made to take anybody's deposition, but at a supplementary hearing held on November 15, 1940, the proctor for the libellant sought leave to take the depositions of Juri Silberberg, the libellant, and of Kronstrom, Remmelgass, Vaino and Onno, for the purpose of prov-

ing the ownership of the libellant, or for the purpose of showing that he was the duly authorized agent of the libellant. He then sought to have letters-rogatory issued to the Supreme Court of the R. S. F. S. R. of the Soviet Union for the purpose of taking depositions of those individuals in Moscow. Counsel, however, frankly stated that all of the persons named are residents of Tallinn, which is in Estonia.

The motion to amend the libel so as to recite that the libellant is the authorized agent of Kronstrom, Remmelgass, Vaino and Onno is granted but the application to have letters-rogatory issued to a court of the Soviet Republic for the purpose of taking depositions in Moscow of residents of Tallinn, Estonia, must be denied, for under existing relations between this Government and the Republic of Estonia, no legal process could issue from the Supreme Court of the R. S. F. S. R. of the Soviet Republic to residents of Estonia. See Rule 28 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Title 28, U.S.C.A. Sec. 711.

For all of the foregoing reasons the libel will be dismissed.

Submit findings of fact and conclusions of law in conformity with the foregoing opinion.