## THE KOTKAS.

## ALL UNION CHARTERING CO. (SOV-FRACHT) v. THE KOTKAS et al.

### No. A–16218.

District Court, E. D. New York.

March 31, 1941.

David Drucker, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Roger Siddall and Joseph F. Luley, both of New York City, of counsel), for claimant Johannes Kaiv, Acting Consul General of Estonia at New York.

BYERS, District Judge.

Hearing on exceptions to libel filed March 26, 1941. The claimant is the same official whose status was adjudicated in reference to this vessel, by Judge Galston

836

in The Kotkas, D. C., 35 F.Supp. 983 (See Findings and Conclusions dated December 11, 1940).

No appeal has been taken from his dismissal of that libel, and his determination is therefore deemed to be effective for all purposes in this cause. The prayer of the libel is for delivery of the vessel to libelant, "a chartering company organized under the laws of the Union of Soviet Socialist Republics and having its office and principal place of business at 25th of October Street, Moscow, U. S. S. R. * * * for the performance of the aforesaid charter-party in accordance with its terms and conditions", i. e. a charter party covering the "S. S. Kotkas (Renamed Farida) entered into on or about July 20, 1940, by Oskar Tiedemann for and on behalf of the owners".

The earlier libel, verified November 21, 1940, by the proctor for libelant in this cause, asserted that Juri Silberberg was the owner, but Judge Galston was unable to find that he so appeared in the documentary evidence before him, and his Finding of Fact No. 2 recited that he was not the owner.

His Conclusions of Law Nos. 7, 8 and 9 recite that the claimant here, Johannes Kaiv, Consul General of Estonia at New York, is the duly constituted trustee of the owners; that he is in legal control of the vessel; and properly the claimant.

The affidavit in support of the instant exceptions is by Mr. Kaiv, and recites the renaming of the vessel, and the placing of her under Panamanian registry, by him, and her charter to Dominion Shipping Company, Limited, of Sydney, Nova Scotia, on February 21, 1941.

The opposing affidavit criticises this conduct, and insists that the court should not sanction it. Also that "The libellant seeks the specific performance of the charter-party" described in the libel.

Thus it appears that there is a dispute between foreigners, namely an arm of the U. S. S. R. asserting rights over a vessel originally of Estonia, as charterer; and undisclosed owners, who may or may not have succeeded to the title of those so referred to in the opinion in the last case; the Consul General of Estonia in New York; and a vessel of Panamanian registry.

Since the United States has withheld its recognition of the submergence of Estonia into the U. S. S. R., the occasion is deemed appropriate to refuse to entertain jurisdiction of this controversy in this court, by reason of our unfamiliarity with the complex questions of foreign law which are manifest from an examination of papers before the court. Ever since The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L. Ed. 152, the right of the District Court so to decline to act has been clear. Cf. United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392.

I have ascertained that the vessel is properly insured and that the charter entered into by the claimant provides for war-risk insurance; this seems to indicate that the claimant is aware of his duties as trustee.

Exceptions sustained. Libel dismissed. Settle decree.