## THE SAUDADES.

### THE PERO DE ALENQUER.
#### No. 215 of 1945.

District Court, E. D. Pennsylvania.
June 6, 1946.

Bigham, Englar, Jones & Houston, of New York City, and John Hemphill, George W. McKeag, and McDevitt, Philips & Watters, all of Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Shaw, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

The libellants are American citizens, doing business as partners. They have brought an action for shortage in a shipment of tuna fish carried by vessel from Lobito, a West African port, to Lisbon, Portugal, by a Portugese shipping company, transshipped at Lisbon and carried from Lisbon to New York by another Portugese shipping company. The libel is in personam against the two Portugese corporations and in rem against the two ships. Jurisdiction has been obtained over the two Portugese corporations by foreign attachment of credits in this district. The second carrier corporation has appeared and filed an answer. The first now excepts to the libel and moves the Court to decline jurisdiction on the ground that this Court is forum non conveniens.

No decision has been called to my attention and I have found none in which the right to maintain, in an American court, a suit of which the court has jurisdiction has been refused to an American litigant suing in his own right. On the other hand, I find no decision which has turned upon an absolute privilege of a citizen to resort to his own courts and which has denied the existence of discretion to refuse jurisdiction where the plaintiff is a citizen. Judge Hand

in United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392, did not deny the contention of the libellant in that case that such right and privilege existed, but merely said that, where the libellant sues as subrogee and not in his own right, he falls within the general rule that a subrogee's rights rise no higher than his principal.

■■ Perhaps the best way to put the rule, so far as it can be gathered from more or less indirect references to it in the decisions, is, that an American court may not refuse to try a case brought by an American citizen, unless it feels that injustice would be done by allowing him to proceed in his own court. The result of such a rule is that the discretion of the court, so far as it has any existence, is limited, and that mere inconvenience to the respondent, or to both parties, will not be considered a ground for exercising it to refuse jurisdiction. In the present case, while it is obvious that considerations of convenience make for the trial of the issue by the courts of Portugal, it does not appear that the case can not be tried here without entire justice to both parties.

The rights asserted by the libellants are their own, direct and not derivative or by way of subrogation. The libel states that "At all material times" (and this includes the shipment from Lobito to Lisbon) "libellants were the owners of the merchandise referred to and described above, and they or their agents were the respective owners and holders of the covering bills of lading and entitled to the delivery of the merchandise," etc. A right arising from a contract made by an agent is not a derivative right. In addition, an affidavit filed by the libellants shows that the bill of lading issued at Lobito is endorsed by a notation in Portugese to the effect that the merchandise is in transit for the United States "for Frazar and Company, New York," the libellants.

We may not, on this motion, inquire into the validity of the libellants' claim against the first Portugese corporation. It is sufficient that they assert a claim in their own right and that the pleadings and affidavit make out, at least, a prima facie right.

The motion is denied.