**ISBRANDTSEN CO., Inc. v. LLOYD BRA-SILIERO PATRIMONIO NACIONAL. BLACK DIAMOND S. S. CORPORATION v. UNITED STATES OF BRASIL.**

Nos. 191-35, 191-58.

United States District Court
E. D. New York.

March 4, 1949.

Hunt, Hill & Betts, New York City (John W. Crandall, New York City, of counsel), for libelant Black Diamond S. S. Corp.

Purrington & McConnell, New York City (Frank J. McConnell, New York City, of counsel), for Lloyd Brasiliero.

Lord, Day & Lord, New York City (Thomas F. Daly, New York City, of counsel), for Isbrandtsen Co., Inc.

KENNEDY, District Judge.

This suit arises out of a collision which occurred between S. S. Santarem, S. S. Black Eagle and S. S. John Franklin on the Mass River within Dutch territorial waters. On February 4, 1949, the Dutch court arrested the S. S. Flying Enterprise owned by the libelant, Isbrandtsen Company, Inc. She was released against a guarantee by the Rotterdamsche Bank for 800,000 florins, or approximately $300,000 U. S. currency. A bond has been filed in the amount of $55,000 by Lloyd Brasiliero Patrimonio Nacional, herein called Lloyd for brevity.

Isbrandtsen Company has filed the libel in this district to which the present motion is addressed. Lloyd by order to show cause seeks an order dismissing the libel. In its brief Lloyd cites principally Canada Malting Co. v. Paterson Steamships, 1932, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837, and Charter Shipping Co. v. Bowring Jones & Tidy, Ltd., 1930, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008. It argues substantially that the Dutch court would be a more convenient forum, and also points to the fact that the Dutch litigation was prior in time to the present litigation. The Canada Malting Co. case and Charter Shipping Co. case were strictly between foreigners. This case is not. While it is true that the Dutch rule of damages differs from ours, and that this might afford an advantage to the most heavily damaged ship, still the discretionary power of a court of admiralty to relinquish jurisdiction when the suit is between foreigners furnishes no pattern for a situation where citizens invoke its jurisdiction. The difference in the rule of damage is a mere accident to which all

suitors are subject in causes of collision on the high seas or in foreign territorial waters.

As for the convenience of witnesses, it is notoriously true in the admiralty that in many cases the attendance of witnesses is not to be had at the trials, and that trials are very largely by deposition for that very reason. Under all the circumstances, in the exercise of discretion, I deny the motion and I vacate the stay heretofore granted against the taking of depositions de bene esse.