## CERRO DE PASCO COPPER CORP. v. KNUT KNUTSEN O.A.S.

United States District Court
S. D. New York.

Oct. 25, 1950.

Decree Affirmed March 9, 1951.

Bigham, Englar, Jones & Houston, New York City, for libelant, F. Herbert Prem, New York City, of counsel.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent, appearing specially, Wharton Poor, New York City, Frank D. Curtis, New York City, of counsel.

GODDARD, District Judge.

This is a motion by respondent asking the court to decline jurisdiction of the above entitled action on the ground of forum non conveniens.

The suit is in admiralty for the loss of approximately 2,000 tons of zinc concentrates shipped by the libelant on the S. S. Geisha from Callao, Peru to Antwerp, Belgium. The Geisha and her cargo became a total loss from fire, followed by explosion, which took place on or about April 11, 1950 while the Geisha was enroute to Antwerp.

The shipment of concentrates was made under a bill of lading which was signed by libelant and which contained the following provision: "The shipper [libelant was the shipper] in accepting this Bill of Lading, expressly agrees to and accepts these Rules, Condition and Clauses as binding for himself and for the consignee."

Paragraph 12 reads: "12. Any claim under this Bill of Lading including claims for alleged unseaworthiness * * * to be settled with the Company in Norway, according to Norwegian law to the exclusion of proceedings in the Courts of any other Country. Any dispute regarding the interpretation of the rules of this Bill of Lading is to be decided in Norway according to Norwegian Law which is in every respect governing. * * *".

This clause is valid under the law of Peru and of Norway.

Libelant is a New York corporation and the shipper of the lost goods. Respondent is a Norwegian corporation and the alleged owner of the Geisha. Since the respondent could not be found in this district, the United States Marshal, pursuant to the clause of foreign attachment in the libel, attached credits and effects in the hands of Kerr Steamship Company that were alleged to belong to respondent.

■ No loading of this vessel took place in any United States port. All of the cargo was to be delivered in European ports. The contract of carriage was made in Peru and is to be governed by foreign law. None of the crew of the Geisha are in the United States and none are planning to visit the United States.

■ Libelant contends that this court cannot decline jurisdiction when libelant is a United States "citizen". I need not decide this unsettled legal question, Swift & Co. v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, for libelant did not have legal title to the concentrates at the time of the loss. The shipment in question was made pursuant to a C.I.F. contract between libelant and Societe Generale des Minerais, Societe Anonyme, a Belgian corporation. Under such a contract, risk of loss passes to the buyer at the time of delivery on board the vessel. Schopflocher v. Essgee Co. of China, 197 App.Div. 781, 786, 189 N.Y.S. 498. That this was the understanding of the parties is made clear by the contract itself, one provision of which states: "(b) *Final Payment*: Buyer shall make final payment by cable transfer after outturn weights, assays and quotations are known; in case of loss or damage, in whole or in part, capture, diversion, or failure of the concentrates to arrive at Antwerp for any reason whatsoever within 90 days after issuance of 'onboard' ocean bill of lading, Buyer shall make final payment promptly on the basis of ocean bill of lading weight, Seller's assay certificate and the price for Prime Western zinc, f. o. b. East St. Louis, Illinois, basis, as quoted in the E & M J Metal & Mineral Markets' during the calendar month following the month of scheduled arrival of steamer at port of discharge."

■ Libelant is therefore like an assignee of the Belgian corporation [buyer]. Libby, McNeill & Libby v. Bristol City Line of Steamships, D.C., 41 F.Supp. 386. This court clearly has discretion to decline jurisdiction. United States Merchants' & Shippers Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392.

■ Since the controversy, arising out of a contract made abroad and governed by foreign law, is really between aliens and concerns an event that occurred outside the United States and since none of the witnesses to the explosion are in the United States or expect to be in the United States, I feel that justice requires that this court decline jurisdiction.

■ Moreover, the parties stipulated in the bills of lading that all controversies "arising under this bill of lading are to be governed by the law of Norway and to be decided in Oslo". I see no reason why this provision, agreed to by two commercial organizations, should be ignored. The Iquitos, D.C., 286 F. 383; Bickel, Forum Non Conveniens in Admiralty, 35 Cornell Law Quarterly, 12, 45 [1949].

The libel is dismissed.

Settle order on notice.