## CERRO DE PASCO COPPER CORP. et al. v. THE ALABAMA et al.

United States District Court
S. D. New York.

Oct. 1, 1952.

Bigham, Englar, Jones & Houston, New York City, F. Herbert Prem, New York City, of counsel, for libelants.

Foley & Statt, New York City, Frank J. Foley and Milton James, New York City, of counsel, for respondent Compagnie Transatlantique.

RYAN, District Judge.

This suit in the Admiralty was filed February 18, 1949. Libelants seek to recover for damage to cargo shipped by them aboard the S. S. Alabama owned by the corporate respondent. The shipment was made on June 2, 1948 from Callao, Peru, to Antwerp, Belgium, where it arrived on July 29, 1948. On the voyage the ship did not touch any port of the United States; all of the cargo was delivered in Belgium.

Answer to the libel was filed by the owner on February 20, 1950. The action is about to be reached for trial and has been set down for pre-trial conference for October 6, 1952. The vessel has not been libeled nor has a claim of owner been filed; the suit has proceeded in personam only. Respondent, Compagnie· Generale Transatlantique, now moves to dismiss the libel and to sustain the exceptive allegations pleaded in its answer. These allegations present the issues: (1) whether this court has jurisdiction; (2) whether this court should decline jurisdiction; and (3) whether this court should refuse jurisdiction on the ground of *forum non conveniens*.

Libelant, Cerro de Pasco, is a New York corporation maintaining its principal business office within this district at 40 Wall Street, New York City. It has no other office in the United States. American Metal is also a New York corporation with offices in this district. It is a selling agent for Cerro de Pasco. Respondent, Compagnie Generale, is a French corporation with an office at 17 State Street, New York City, within this district. None of the officers or crew who were aboard the S. S. Alabama are in the jurisdiction of this court and none are expected to be within this jurisdiction.

An order bill of lading was issued in Callao, Peru, on June 2, 1948, and was there signed on behalf of Cerro de Pasco and by the master of the S. S. Alabama.

The bill of lading reads in part:

"The above shipment is made in accordance with the conditions specified on this bill of lading, of which the shipper has full knowledge and to which he fully agrees.

   *      *      *      *      *      *

"Clause 17.—In the event of disputes of whatever kind they may be, relative to the performance of the present contract and the consequences thereof, including those concerning insurance, any judicial claims or actions shall be brought before the Tribunal of Commerce of the Seine (to the exclusion of all others), the competence of which, shippers, and receivers expressly declare they accept, and on

which by express stipulation, jurisdiction is conferred. * * * "

The validity of these provisions both under the laws of France and Peru is not questioned. There is no contention by the libelants that they would be without an effective remedy in the courts of France. The respondent corporation at the time of argument waived in a writing filed with this court the statute of limitations provided in the law of France. It has also waived the provision of the bill of lading limiting the time within which suit may be brought for damage to cargo.

■ Objection to venue was made in the answer, but we feel that the extraordinary delay of three and one-half years of respondent in moving the court to refuse jurisdiction on the ground of *forum non conveniens*, when considered with the conduct of the litigants and their proctors during this time, dictates that these exceptions in the answer should be overruled. There remains then the question of whether this court has jurisdiction, and, if it has, whether such jurisdiction should be declined.

■ Since the exceptions to jurisdiction are also pleaded in the answer they may be urged at any time before trial. Untersinger v. U. S. A., 2 Cir., 1949, 172 F.2d 298; Orr v. U. S. A., 2 Cir., 1949, 174 F.2d 577.

■ The district court has exercised jurisdiction over suits between foreign, cargo claimants against foreign ships and foreign ship owners. This has been particularly so when the suit is filed and prosecuted in rem. The desire of the courts to promote commerce by affording libelants the security afforded by attachment of elusive ships may have brought this about. It has, however, always been recognized that the exercise of jurisdiction in these suits has rested in the discretion of the court.

It appears that the cargo in suit was sold by American Metal to Societe Generale des Minerais, Societe Anonyme, a Belgian corporation, by contract dated January 14, 1948, wherein American Metals agreed to sell and deliver zinc concentrates produced by Cerro de Pasco to Minerais, C. I. F., Antwerp. The contract provided by its terms that it was to be governed by the law of the State of New York. The situation in this respect was identical with that before the court in Cerro De Pasco Copper Corp. v. Knutsen, D.C., 94 F.Supp. 60, where it was held that libelant is like an assignee.

■ Here, we have litigation which in no manner concerns United States commerce and which involves a dispute between parties in interest who are not nationals of the United States. Although the proctors who practice within the district and their clients may at the time of filing suit have been willing to place jurisdiction on this court, there appears to be no equitable reason why we should permit this to be done especially because of the crowded admiralty calendar and totally inadequate judicial manpower in this district. The provision of the bill of lading—Clause 17—should be specifically enforced. Cerro De Pasco Copper Corp. v. Knutsen, 2 Cir., 1951, 187 F.2d 990, 991.

The libel is dismissed without prejudice to the libelants right to proceed to enforce its claims elsewhere. Submit decree.