## 154

### EXPORT INS. CO. v. SKINNER et al.

### THE JOHN BAKKE.

United States District Court
S. D. New York.
June 5, 1953.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, proctors for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, proctors for respondents.

MURPHY, District Judge.

This is a motion by respondents for an order declining jurisdiction and dismissing the libel on the ground of forum non conveniens. Libelant is a New York corporation with its principal office within this judicial district. Respondents are Norwegian nationals and a ship under that nation's flag. The suit arises out of alleged damage to a shipment of 1,280 bales of cotton loaded on board the m/s John Bakke at the ports of Huacho and Cullao, Peru, in July, 1951, for carriage to Kobe, Japan, and $6,500 in damages is sought. The shipper was Anderson and Clayton & Co., S.A. of Lima, Peru, a corporation presumably organized under the laws of Peru. Libelant's standing to maintain this suit is derived from a contract of marine cargo insurance with the shipper covering the risk of transit in the course of which the alleged damage occurred.

■ Concededly this court has jurisdiction of the subject matter and the parties, but the question presented by this motion is whether the court in its discretion should decline to, exercise that power because of the circumstances of this case. Those circumstances primarily concern an insufficiency of connecting factors of the transaction involved with this jurisdiction. Respondents are Norwegian nationals. It will be conceded *arguendo* that libelant must stand in the shoes of its principal when it sues as "subrogate" rather than in its own right. Cf. United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Africa Og Australie Line, 2 Cir., 65 F. 2d 392, 393. Counsel for respondents primarily rely on the wording of the bill of lading which reads, according to them,

"It is also mutually agreed that all questions arising under this bill of lading shall be settled according to the principles of law as administered in the country where the ves-

sel is registered, being the law of the flag of the vessel."

Perusal of a more legible copy of the bill, however, which the same counsel produced on request of the court, after the court found that it was unable to delineate this language because of the position of certain overstamps in the photostats supplied in the first instance with the moving papers of respondents, reads somewhat differently. There is no period after the word "vessel", but rather a comma, and clause 23 reads in full:

"23. It is also mutually agreed that all questions arising under this Bill of Lading shall be settled according to the principles of law, as administered in the country where the vessel is registered, being the law of the flag of the vessel, but nothing herein contained shall prevent the shipowner from claiming in the United States of America, the benefits of the United States Revised Statutes, Sections 4281 to 4287 [46 U.S.C.A. §§ 181–187], and the rules from time to time made thereunder and of the provisions of the Act of Congress of the United States approved on the 13th day of February, 1893, entitled 'An act relating to Navigation of Vessels, etc.' [46 U.S.C.A. § 190 et seq.] Provided that in all cases where merchandise or property is transported under this contract from or between ports of the United States and foreign ports within the meaning of the said Act of Congress of 1893, and proceedings are taken against the company or vessel carrying the goods in the United States of America, then the provisions of the said Act of Congress and Revised Statutes shall be held to apply to this contract, and the shipments shall be subject to all the terms and provisions of and all exemptions from liability contained in the said Act of Congress and Revised Statutes; and any provisions of this Bill of Lading inconsistent with the said Act of Congress and Revised Statutes shall be treated as struck out and expunged."

It is now clear that this case is readily distinguishable from those in which this court has declined to exercise jurisdiction in its discretion. United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Africa og Australie Linie, D.C.S.D.N.Y., 1 F.Supp. 934, affirmed, supra, 2 Cir., 65 F.2d 392; Cerro De Pasco Copper Corp. v. Knut Knutsen O.A.S., D.C.S.D.N.Y., 94 F.Supp. 60, affirmed, 2 Cir., 187 F.2d 990. In both of these there was an explicit provision in the bills of lading making the law of Norway alone governing law, and also providing for a single forum in Oslo. The provision in the instant bill, it is abundantly clear, is far from either of these.

There are connecting factors in this controversy which make it clear that the respondent sued *in personam* will not be greatly inconvenienced if the court assumes jurisdiction. Respondent Skinner operates a line of five ships, three of which regularly call at ports of the United States. Besides the reference to the law of the United States in the bill of lading, other points of contact with this nation exist for this transaction. The voyage in question involved calling at an American west coast port.

It appears too that there is no forum for this action elsewhere. Presumably it could not have been brought in Peru for lack of capacity of respondent's agency in that country to accept service of process. Already the period of limitation for commencing this action has expired so that a refusal to entertain it in this forum would in substance resolve the controversy in favor of respondents on the merits. Cf. St. Paul Fire & Marine Ins. Co. v. Republic De Venezuela, D.C.S.D.N.Y., 105 F.Supp. 272, 1952 A.M.C. 1370.

Respondents' motion is accordingly denied.