## JEFFERSON INS. CO.
### v.
## CIA. COLONIAL DE NAVEGACAO et al.

United States District Court  
S. D. New York.  
June 17, 1954.

829

Hill, Rivkins, Middleton, Louis & Warburton, New York City, by Barton P. Ferris, New York City, of counsel, for libelant.

McNutt & Nash, New York City, by Donald B. Allen, New York City, of counsel, for respondent Cia. Colonial De Navegacao.

GODDARD, District Judge.

This is a motion by respondent, Cia. Colonial de Navagacao, for this court to decline jurisdiction over the subject matter of the action against it, or, in the alternative, to stay the trial until its liability has been determined in suits pending in the courts of Portugal.

The libel is for damage in February, 1951 to a shipment of coffee. Respondent, Colonial, received the coffee aboard its vessel, S. S. Pebane, at Angola for shipment to New York, and it issued a bill of lading providing for delivery in New York which reserved to it the right to transship on other vessels, for its own account. From Luanda, it transshipped the coffee on its vessel, S. S. Ganda, to Lisbon; and from Lisbon it transshipped it to New York on the S. S. Horta, owned by another company which issued a bill of lading to Colonial that noted the coffee was received by it in a damaged condition. Colonial's bill of lading contained a provision that suit could be brought only in the courts of Portugal.

In New York, libelant's subrogor, the cargo owner, surrendered Colonial's bill of lading to Colonial's agent who turned over the Horta bill of lading and the coffee was delivered against the latter.

This suit against Colonial is for damage to the coffee aboard the S. S. Ganda. Libelant, and its subrogor, are New York corporations, while respondent is a Portuguese corporation.

Colonial's bill of lading provided for delivery of the coffee in New York, and the fact that it elected to transship on the Horta, for its own account, does not detract from this. Thus, the Carriage of Goods by Sea Act is applicable, Title 46 U.S.C.A. § 1312, and the clause providing for suit solely in Portugal is not controlling. Knauth, Ocean Bills of Lading, 1953 Ed., p. 238, and cases there cited.

Since the libelant is a New York corporation, as is its subrogor, the cargo owner, I believe that it should be allowed to maintain this suit in this jurisdiction.

830

Cf. The Saudades, D.C., 67 F.Supp. 820, 1946 A.M.C. 1019. I do not find that any injustice will result thereby.

There is no showing as to the present status of the suits in Portugal, and I see no reason to stay this suit pending the outcome of that litigation.

Motion denied in all respects.

Settle order on notice.