STATES MARINE LINES, INC., a corporation, Libelant,

v.

THE M/V KOKEI MARU, her engines, tackle, apparel, furniture, boats and equipment; Heromi Steamship Co., Ltd., a corporation; Daido Kaiun Kaisha, Ltd., a corporation; and Doe I, Doe II, Doe III, Respondents.

No. 27930.

United States District Court
N. D. California, S. D.

Dec. 29, 1959.

As Amended Jan. 5, 1960.

256

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for libellant.

Graham, James & Rolph, San Francisco, Cal., for respondents.

SWEIGERT, District Judge.

This is a libel in rem and in personam arising out of a collision between a vessel, owned by the libelant, States Marine Lines, Inc., a Delaware corporation, and the respondent vessel, owned by respondent Heromi S.S. Co., a Japanese corporation. The collision occurred in Japanese territorial waters, and more specifically within the harbor waters of Kobe, Japan.

Respondents have filed exceptions to the libel on two grounds. First, they contend that since the maritime tort occurred in foreign waters, libelant must, pursuant to the familiar rule adopted by federal courts, plead and prove the applicable foreign law in order to state a good cause of libel. Empresa Agricola v. Amtorg, D.C.S.D.N.Y.1944, 57 F.Supp. 649; Cuba Railroad v. Crosby, 1912, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274.

Second, they contend that this Court should apply the admiralty principle of *forum non conveniens* on the basis of certain considerations herein discussed *infra*, decline jurisdiction of the present matter and, in effect, relegate libelant to the courts of Japan for relief.

Libelant argues, as to respondent's first exception, that so long as it has alleged sufficient facts to state a cause of libel under the International Rules for the Prevention of Collisions at Sea, as prescribed by the London Convention of April 23, 1948, to which both the United States and Japan are signatory, it need neither plead nor prove the applicable rules as to collisions stated therein, since the Court is bound to take judicial notice of these Rules. Respondent urges, however, that the International Rules may be inapplicable to determine the rights of the parties, since the collision occurred within the harbor waters of Kobe, and local regulations of the port, analogous to the American Pilot Rules for Certain Inland Waters, may operate to displace the otherwise governing effect of the International Rules, as expressly provided by Article 30.

We need not rule on this exception, since libelant has volunteered to amend its libel to assert applicable provisions of foreign law, and has requested, and is hereby granted, ten (10) days leave from the date of this filing to so amend.

As to respondent's second contention, the questions posed are: (1) whether a case has been made for dismissal under the familiar doctrine of *forum non conveniens*, and, if so, (2) whether the fact that libelant is an American corporation precludes application of the doctrine as a matter of law, or, at least, carries such weight in this Court as a factor of convenience that it outweighs other factors tending to support dismissal.

The United States Supreme Court in Swift & Co. Packers v. Compania Columbiana del Caribe, S.A., 1950, 339 U.S. 684, at page 697, 70 S.Ct. 861, at page 869, 94 L.Ed. 1206 states: "We need not now decide the abstract question whether United States admiralty courts may decline jurisdiction over libels brought by United States citizens." It also recognizes, however, that "Application of *forum non conveniens* principles to a suit

by a United States citizen against a foreign respondent brings into force considerations very different from those in suits between foreigners." 339 U.S. at page 697, 70 S.Ct. at page 869.

Other authorities have pointed out that no court has ever applied the doctrine of *forum non conveniens* to decline jurisdiction to a United States citizen suing in his own right in the absence of some express agreement to seek his remedy in a foreign forum. See: The Saudades (Frazer v. Saudades), D.C.E.D.Pa., 67 F.Supp. 820, 1946 A.M.C. 1019; Braucher, The Inconvenient Federal Forum, 60 Harv.L.Rev. 908, 920–21, (1947).

Other authorities have implied that the doctrine may not be thus applied. United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2d Cir., 1933, 65 F.2d 392, 1933 A.M.C. 919; Brewer Co. v. American President Lines, D.C.S.D.N.Y., 37 F.Supp. 230, 1941 A.M.C. 30; Isbrandtsen Co. v. Lloyd Brasileiro, D.C. E.D.N.Y., 85 F.Supp. 740, 1949 A.M.C. 684.

On the other hand, respondent cites Bickel, Forum Non Conveniens in Admiralty, 35 Cornell L.Q. 12, 45 (1949), in which it is suggested, in connection with a discussion of Saudades, supra, that a United States citizen may be denied resort to the courts of the United States when flagrant injustice would be done by allowing the suit to proceed, as where the local suit is brought only to harass defendants into an unfavorable settlement. As pointed out in Saudades, supra, 67 F.Supp. at page 821, 1946 A.M.C. at page 1020, however, "mere inconvenience to the respondent, or to both parties, will not be considered a ground for exercising it (discretion) to refuse jurisdiction." Continues the Court, again in 67 F.Supp. at page 821, 1946 A.M.C. at page 1020: "In the present case, while it is obvious that considerations of convenience make for the trial of the issue by the courts of Portugal, it does not appear that the case can not be tried here without entire justice to both parties."

Other cases, cited by respondent, are not directly in point, because they apply the doctrine as between American domestic forums, Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, or involve American assignees not acting in their own right, but as assignees of foreign persons, Cerro de Pasco Copper Co. v. Knut Knutsen, D.C.S.D.N.Y.1950, 94 F.Supp. 60; Cerro de Pasco Copper Co. v. The Alabama, D.C.S.D.N.Y.1952, 109 F.Supp. 856, or involve a suit exclusively between foreigners, Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254.

In Lauritzen, supra, and in Wilson v. Girard, 1957, 354 U.S. 524, 77 S. Ct. 1409, 1 L.Ed.2d 1544, the courts discuss matters of policy involved in the determination whether American citizens can be relegated to a foreign forum. Comity principles, of course, should be considered when important concerns of international commerce or affairs appear likely to be affected.

For this reason, we do not regard the mere fact of American nationality as an entitlement of right to the retention of jurisdiction by United States admiralty courts as against a foreign forum under all circumstances. We prefer to recognize that there may be circumstances in which the question should be resolved against the American national to the extent recognized in Saudades, supra.

In the present case, it is true that the crew members of the Japanese vessel, and possible independent Japanese witnesses, are not subject to process in this forum, but it is also true that the crew members of the American vessel are not subject to process in the Japanese forum. If the libel is retained here, the testimony of Japanese witnesses will have to be taken by deposition, a lengthy and expensive technique, involving additional costs for translation from the Japanese language into English.

We are also mindful that the law of Japan will govern this maritime tort, but we must assume that such can be applied with substantial justice in this forum.

It is possible that the various factors of convenience here involved might justify refusal of jurisdiction if this were a suit between foreigners. However, in this case the American nationality of libelant is an additional factor which we are entitled to consider of sufficient importance to justify the retention of jurisdiction, unless it appears that such retention would operate to deprive the foreign party of substantial justice. No such showing has been made here.

Respondents' exception to dismiss for *forum non conveniens* is, therefore, overruled, and jurisdiction over the libel will be retained in this Court.