**VOLKSWAGEN OF AMERICA, INC.,** Import Motors of Chicago, Inc., and Midwestern VW Corp., Libelants,

v.

**S.S. SILVER ISLE,** her engines, boilers, etc., and Mohawk Navigation Company, Ltd., Respondents.

**No. A 65-7.**

United States District Court
N. D. Ohio, E. D.

March 29, 1966.

Robert B. Preston, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Hill,

Rivkins, Louis & Warburton, New York City, for libelants.

Thos. O. Murphy, Johnson, Branand & Jaeger, Lee C. Hinslea, McCreary, Hinslea & Ray, Cleveland, Ohio, Beauregard, Brisset & Reycraft, Montreal, Quebec, for respondents.

## MEMORANDUM RE: MOTION TO DISMISS

KALBFLEISCH, District Judge.

This libel in admiralty was filed against respondents for alleged damage to libelants' cargo which was on board the S.S. Prins Alexander at the time a collision occurred between respondent S. S. Silver Isle and the Prins Alexander.

■ Respondents admit that this Court has jurisdiction, but contend that the Court should decline jurisdiction under the rule of Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837 (1932), and other authorities. In *Canada* the Supreme Court stated, at page 418, 52 S.Ct. at page 414:

"[I]n a suit in admiralty between foreigners it is ordinarily within the discretion of the District Court to refuse to retain jurisdiction; and that the exercise of its discretion will not be disturbed unless abused."

Jurisdiction over an action between foreign nationals must be exercised unless special circumstances exist to show that justice would be better served by declining it. The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152 (1885); Motor Distributors, Ltd. v. Olaf Pedersen's Rederi A/S, 239 F.2d 463 (5th Cir., 1957), cert. den. 353 U.S. 938, 77 S.Ct. 816, 1 L. Ed.2d 760 (1957).

Respondents allege, and support their allegation by affidavit and exhibits, that the Silver Isle is a Canadian vessel. The libel alleges that the Mohawk Navigation Company, Ltd. is a Canadian corporation. Respondents further allege that the damaged cargo was insured by German insurers and shipped by a German shipper in a Dutch vessel (The Prins Alexander) under bills of lading issued in Hamburg, Germany. Nonetheless, paragraph 4 of the libel alleges, and respondents do not deny, that at the time of the collision "libelants were the lawful owners and holders of bills of lading governing the [cargo] * * * and of any claim and any right of recovery for loss thereof or damage thereto." Moreover, paragraph 5 of the libel alleges that "libelants' cargo" was damaged.

■ Libelants are allegedly American corporations, and respondents' contrary claim that libelants are "nothing more than local distributors of the parent German manufacturer" is unsupported by affidavit or other evidence, thus it cannot be considered by this Court. Since libelants are American nationals the Court's discretion is further limited. In States Marine Lines, Inc. v. The M/V Kokei Maru, 180 F.Supp. 255 (1960) the Northern California District Court stated, at page 258:

"It is possible that the various factors of convenience here involved might justify refusal of jurisdiction if this were a suit between foreigners. However, in this case the American nationality of libelant is an additional factor which we are entitled to consider of sufficient importance to justify the retention of jurisdiction, unless it appears that such retention would operate to deprive the foreign party of substantial justice. No such showing has been made here."

See also The Suadades, 67 F.Supp. 820 (1946).

Respondents' principal contentions are that the owners of the Prins Alexander have sued the Silver Isle and her owners in a Canadian court and that the libelants are parties therein because the action was brought by Oranje Lijn, etc., et al., "as Owners of the M.V. 'Prins Alexander' and as Bailees of the cargo laden aboard her and on behalf of all those interested in her;" (Exhibit A, the Writ of Summons issued in the Canadian action).

Respondents have not shown that libelants are actual parties in the Canadian action, particularly since a supplemental affidavit offered by respondents states that under Canadian practice libelants are *entitled* to intervene in their own behalf and that the attorneys for the current parties therein will consent to said intervention.

Respondents also contend that libelants are seeking to by-pass their contractual obligations to abide by the terms of the Brussels Convention; however, libelants are suing respondents in tort. Moreover, respondents are a vessel and her owner which have no contractual relationship with libelants, i. e., they were not carrying libelants' cargo.

The Brussels Convention, to which Canada, Germany, and the Netherlands are allegedly signatories, states that when cargo is damaged by the fault of two or more vessels the liability to make good for said damages shall be in proportion to the degree of each vessel's fault or, if the degree of fault cannot be ascertained, in equal proportions. Respondents contend that libelants are suing in the United States in hopes of avoiding the Brussels Convention in favor of the law of the United States, which is not a signatory to the Brussels Convention. The general doctrine in the United States is that if colliding vessels are both at fault the innocent cargo may recover full damages against either vessel. The Atlas, 93 U.S. 302, 23 L.Ed. 863 (1876); The Mandu, 102 F.2d 459 (2nd Cir., 1939). However, even assuming that the Court will apply different legal standards than the Canadian court, this is not a factor to consider in determining whether to decline jurisdiction. Kloeckner Reederei Und Kohlenhandel, GMBH v. A/S Hakedal, 210 F.2d 754 (2nd Cir., 1954), dismissed on appeal 348 U.S. 801, 75 S.Ct. 17, 99 L.Ed. 633 (1954).

Respondents have not shown they will be deprived of substantial justice in a United States court; therefore, the motion to dismiss will be overruled.