MOBIL TANKERS COMPANY, S. A., a corporation of the Republic of Panama, bareboat chartered owner in possession and operator of the PANAMANIAN FLAG VESSEL MOBIL ASTRAL, and Socony Mobil Oil Company, Inc., a New York corporation, as owner of the cargo laden on said vessel, Libelants-Appellants,

v.

MENE GRANDE OIL COMPANY, a Delaware corporation, Respondent-Appellee.

No. 15314.

United States Court of Appeals Third Circuit.

Argued Nov. 18, 1965.

Decided July 27, 1966.

Leslie C. Krusen, Philadelphia, Pa. (Killoran & Van Brunt, Wilmington, Del., Mark D. Alspach, Krusen, Evans & Byrne, Philadelphia, Pa., John W. Knox, New York City, on the brief), for appellants.

Eugene Underwood, New York City (David B. Coxe, Jr., Wilmington, Del., Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., Burlingham, Underwood, Barron, Wright & White, New York City, Frederick L. Scofield, Joseph C. Smith, New York City, on the brief), for appellee.

Before KALODNER, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This suit in admiralty was brought by Mobil Tankers Company (Mobil) to recover for vessel and cargo damage sustained as a result of an explosion and fire allegedly caused by the negligence of Mene Grande Oil Company (Meneg). Mobil is a Panamanian corporation having its principal office and place of business in New York City; it is a wholly owned subsidiary of Socony Mobil Oil Company (Socony), a New York corporation. Meneg is a Delaware corporation having a place of business in Puerto La Cruz, Venezuela, where it operates a terminal and tank farm for the storage of oil. It is a wholly owned subsidiary of Gulf Oil Corporation (Gulf) and its principal office, like that of Gulf, is in Pittsburgh, Pennsylvania. The explosion and fire occurred while the Mobil vessel was taking on a cargo of oil, owned by Socony, at Meneg's terminal. It is conceded that the issues of liability and damages must be decided under the appropriate provisions of the Civil Code of Venezuela.

Meneg filed a motion requesting the court below to decline jurisdiction under the doctrine of *forum non conveniens.* The court granted the motion holding that the trial of the suit in the District Court for the District of Delaware would result in "very strong inconvenience to

respondent, amounting almost to injustice." 236 F.Supp. 362, 368. After the court announced its decision, Socony filed a motion for leave to intervene as a libellant. Rules of Practice in Admiralty, &c., rule 34, 28 U.S.C.A. This motion was properly granted. The court recognized that Socony, as owner of the cargo, had a real interest in the litigation and was entitled to sue in its own right. However, adhering to its original decision, the court denied an application by Mobil and Socony for leave to reargue the issues raised by Meneg's motion and dismissed the suit. This appeal followed.

■■ Meneg argues that the lower court's findings of fact are presumptively correct and our right to review them is circumscribed by the "clearly erroneous" rule. This rule is inapplicable in the instant case. Since the matter was presented to the lower court on affidavits without oral testimony the findings of fact are reviewable free of the impact of the rule. State of Maryland for Use of Levin v. United States, 329 F.2d 722, 723 (3rd Cir. 1964), affd., without consideration of the question 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205; United States v. United Steelworkers of America, 271 F.2d 676, 685 (3rd Cir. 1959), affd., without consideration of the question 361 U.S. 39, 80 S.Ct. 1, 4 L.Ed.2d 12. We are in as good a position as was the trial court to evaluate the evidence, draw the inferences of which the evidence is reasonably susceptible, and decide the critical questions raised on this appeal.

■ It is well settled that under the rule of *forum non conveniens* the refusal of the district court to entertain a suit in admiralty is within its sound discretion. Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837 (1932). The term "sound discretion" as used in the rule means "a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law." Langnes v. Green, 282 U.S. 531, 541, 51

S.Ct. 243, 247, 75 L.Ed. 520 (1931). The ultimate inquiry is whether the retention of jurisdiction by the district court would best serve the convenience of the parties and the ends of justice.

■ The court's discretion under the common law rule cannot be equated with its authority to transfer an action to another court of competent jurisdiction under § 1404(a) of Title 28 U.S.C.A., enacted in 1948. The court has a broader discretion in the application of the statute than in the application of the rule. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955), citing with approval All States Freight v. Modarelli, 196 F.2d 1010 (3rd Cir. 1952). A court's discretion under the rule is subject to recognized limitations and this is so because of the harsh consequences which may follow dismissal of a law suit. Ibid.

■■ The doctrine of *forum non conveniens*, while rather simple in principle does not lend itself to meaningful generalization when its application to concrete situations is attempted. However, the invocation of the doctrine is governed by the criteria established in a long line of decisions. Although neither a case in admiralty nor one involving foreigners, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) is relevant insofar as it provides such criteria.

The factors which must be considered and weighed include the following: libellant's choice of forum; status of the parties; convenience of parties and witnesses; access to sources of proof; cost of obtaining the attendance of willing witnesses; possibility of a view of the premises, if appropriate; relative advantages and obstacles to a fair trial; and, possible difficulty in the application of foreign law. Unless "the balance is strongly in favor of the [respondent], [the libellant's] choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, supra, 508, 67 S.Ct. 843.

■ The court below seemingly treated the suit as one between foreigners in

apparent disregard of the status of Socony and Meneg as citizens of the United States and, for the purposes of venue, residents of the judicial districts in which they were incorporated. 28 U.S.C.A. § 1391(b) and (c). This treatment rested on a rationale with which we cannot agree. The suit between Socony and Meneg was one between citizens; the presence of Mobil as a libellant, suing in its own right, in no way changed this situation. The "discretionary power of a court of admiralty to relinquish jurisdiction when the suit is between foreigners furnishes no pattern" for a situation where, as here, citizens are involved. Isbrandtsen Co., Inc. v. Lloyd Brasiliero Patrimonio Nacional et al., 85 F.Supp. 740 (E.D.N.Y.1949).

■ Although Socony's intervention was somewhat belated it had a real interest in the suit from the beginning, both as the corporate parent of Mobil and the owner of the cargo. This interest, which the lower court regarded as minimal and of no significance, was sufficient to bring "into force considerations very different from those in suits between foreigners." Swift & Co. Packers v. Compania Colombiana Del Caribe, supra, 339 U.S. 697, 70 S.Ct. 869 (1950). A citizen of the United States may have no absolute right to have his case tried in a federal court but his election of such a forum should not be disregarded in the absence of persuasive evidence that the retention of jurisdiction will result in manifest injustice to the respondent. Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 645–646 (2nd Cir. 1956); Burt v. Isthmus Development Company, 218 F.2d 353, 356–357 (5th Cir. 1955); States Marine Lines, Inc. v. The M/V Kokei Maru, 180 F.Supp. 255, 257 (N.D. Cal.1960); The Saudades, 67 F.Supp. 820 (E.D.Pa.1946). This is so even though the more convenient forum may be the foreign one. *The Saudades*, supra.

Meneg's motion was supported by a series of affidavits stressing the inconveniences it would suffer if the district court retained jurisdiction. Mobil countered with a series of affidavits stressing the inconveniences it would suffer if relegated to a civil court in Venezuela. The necessary limits of this opinion will not permit a detailed discussion of the countervailing evidence on these issues. The balance of conveniences seems to favor Meneg but slightly. This is clearly not sufficient to outweigh other considerations of superior significance.

■ The issue of convenience aside, the more important question is whether the relinquishment of jurisdiction would best serve the ends of justice. The court below seemed to think that it would, but with this we cannot agree. There is no evidence in the record that the retention of jurisdiction would seriously prejudice Meneg. However, the relinquishment of jurisdiction could result in serious detriment to Mobil's and Socony's causes of action. It would relegate the libellants to a foreign forum in which the procedural remedies are far less conducive to the fair administration of justice than those available under our admiralty rules. The mode of trial, the lack of adequate pretrial procedures, and the limitation on the manner in which expert testimony may be offered do not comport with our concepts of fairness.

The amended libel alleges that the negligence of Meneg consisted of its failure to: provide a safe berth for the vessel; maintain the berth in a safe condition; provide skilled and competent personnel and supervision; maintain proper air pressure in loading the cargo; and, properly man the loading operations. We have paraphrased the allegations in the interest of clarity. It appears from the affidavits, including those filed by Meneg, that some of the evidence necessary to prove the allegations is in the possession of the respondent's employees. Under these circumstances resort to the remedies available under our admiralty rules is clearly indicated.

The libellants "may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action

or for both purposes." Rules of Practice in Admiralty, &c., rule 30A(a), 28 U.S.C.A. The deposition may be used for any one of the several purposes enumerated in subdivision (d) of the cited rule. Upon motion of the libellants, the respondent may be ordered to produce and permit "the inspection and copying" of any designated documents, papers, books, etc., not privileged, which constitute or contain evidence. Rules of Practice in Admiralty, &c., rule 32, 28 U.S.C.A. The procedural practices available in the courts of Venezuela are in no way comparable. As the respondent points out, the libellants may be under some handicap in their attempt to take the depositions of foreign witnesses but this handicap is easily surmountable. The district court is vested with authority to prescribe the terms and conditions under which deposition may be taken.

Meneg maintains that it will not be necessary for Mobil and Socony to resort to the procedural remedies available under our rules. The mere statement of this presumptuous proposition demonstrates its absurdity. The decision as to the need rests with the libellants. Doubtless the respondent could derive considerable solace from the power to control libellants' lawsuit but, fortunately for the libellants, our adversary system is not predicated on leaving such relevant decisions to one's opponent. Moreover, the suggestion that pretrial procedures are neither desirable nor necessary in a negligence action involving a million dollars, and by respondents' own count, at least fifteen issues, strains credulity.

The court below considered, but gave undue weight to, the possible difficulty in the application of foreign law. It held: "that to retain jurisdiction here might very well plague this Court with problems of foreign law " 'all avoided if the case is litigated [in Venezuela] where it arose'." 236 F.Supp. 362, 368. This apprehension appears to be predicated wholly on conjecture. We have examined the pertinent provisions of the Civil Code of Venezuela and can perceive of no obstacle to their fair interpretation and application by the lower court. The principles of tort liability provided by the Code are similar in several respects to those applied in suits in admiralty in our courts.

We find it unnecessary to discuss other arguments advanced by the appellee in support of the decision of the court below; however, we have considered them and find them to be without merit.

The evidence in the record is plainly insufficient to support a conclusion that the retention of jurisdiction by the district court would result in manifest injustice to the respondent. Indeed, we believe that the retention of jurisdiction would best serve the ends of justice.

The judgment of the court below will be reversed and the matter will be remanded with directions that the suit be reinstated.