**JOHN FABICK TRACTOR COMPANY, and the Hartford Fire Insurance Company, Plaintiffs,**

v.

**PENELOPE SHIPPING CO., and against the S. S. WORLD MERMAID, her engines, tackle, etc., Defendant.**

**No. 67–Civ. 2955.**

United States District Court
S. D. New York.

Nov. 8, 1967.

Bigham, Englar, Jones & Houston, New York City, by Donald M. Waesche, Jr., New York City, of counsel, for plaintiffs.

Cichanowicz & Callan, New York City, by Victor S. Cichanowicz, William P. Larsen and Nicholas Milano, New York City, of counsel, for defendant.

CROAKE, District Judge.

## MEMORANDUM

This is a motion by the defendant, Penelope Shipping Co. (PENELOPE) for an order dismissing the action herein on the ground of *forum non conveniens*. A companion motion asking this court to dismiss the action for lack of in personam jurisdiction (See Rule 12(b) (2), Fed.R.Civ.P.), was withdrawn in open court and the defendant stated that it would submit itself to this court's jurisdiction.

This action arose out of a collision between the S.S. "World Mermaid," a Liberian vessel, and the S.S. "Giacinto Motta," an Italian ship, on July 23, 1967. The plaintiffs are United States companies who had cargo interests aboard the S.S. "World Mermaid."

PENELOPE contends that although this court may in fact have jurisdiction, it should dismiss this suit because a more convenient forum exists in the High Court of Justice, London, England. It is urged that all the parties are before that forum and that many of the holders of cargo claims have filed for relief before that court. Further, the defendant states that this court does not have jurisdiction at present and is not likely to obtain jurisdiction over the owners of the S.S. "Giacinto Motta" and therefore the defendant will not be able to obtain relief against these owners in this court. Finally, it is claimed that PENELOPE is a Liberian corporation and that to try the case here would be a substantial inconvenience to the defendant's officers and witnesses.

The plaintiffs argue that they are United States citizens and are entitled to press their claims in this court. They further claim that if they are forced to litigate their claims before the High Court in London they would be subject to the Brussels Collision Convention of 1910. This convention in part provides that recovery of damage claims to cargo is apportioned by degree of fault to each of the vessels involved and that damages caused shall be borne by the vessels in the above proportions without joint and several liability toward third parties. Thus it is evident that if this action were brought in the High Court, the present plaintiffs could recover against the present defendant only that proportion of the cargo loss which corresponds to the degree of negligence attributable to the present defendant.

While it is now clear that a United States citizen does not have an absolute right to bring an action in United States courts, this fact is an important consideration which has weighed heavily with all courts that have considered this problem. See Swift & Co. Packers v. Compania Columbiana Del Caribe, S. A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); States Marine Lines v. The M/V Kokei Maru, 180 F. Supp. 255 (N.D.Cal.1960); The Saudades, 67 F.Supp. 820 (E.D.Pa.1946). Some of the older authorities had stated that this court cannot dismiss on this ground. See e. g., United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 65 F.2d 392 (2d Cir. 1933). We believe that the better view of the law here is to consider the plaintiffs' United States citizenship as an important but not necessarily determinative factor in whether the action may be dismissed on the grounds of *forum non conveniens*.

In the instant case the plaintiffs may be subject to a law which allows but proportional recovery when the plaintiffs themselves were not negligent

**184**

in any wise. This court does not believe that the interests of justice will be served if by dismissing this case the plaintiffs are forced to litigate in a forum which in effect denies them substantial rights which they now possess in this forum. Cf. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964). See Mobil Tankers Co. v. Mene Grande Oil Co., 363 F.2d 611 (3d Cir. 1966).

On the other hand, the defendants claim that a flagrant injustice will result if we retain jurisdiction over this matter (See Bickel, Forum Non Conveniens in Admiralty, 35 Cornell L.Q. 12, 45 (1949), where it is suggested that a United States citizen may be denied resort to the courts of the United States when flagrant injustice would be done by allowing the suit to proceed). PENELOPE urges that the collision took place within the territorial waters of Canada and that the provisions of the Brussels Collision Convention would therefore be applicable in any event as Canada was a signatory to that convention.

Whether the collision took place in international waters or occurred in Canadian waters is a question which must await determination at a later date. Still, even if it is found that the collision occurred in Canadian waters, the defendant cannot claim a flagrant injustice by our possible application of Canadian law. See States Marine Lines, Inc. v. The M/V Kokei Maru, supra, 180 F.Supp. at 257.

Finally, as depositions are often used with great frequency, the defendant is not likely to be prejudiced in the effective presentation of his case. See States Marine Lines, Inc. v. The M/V Kokei Maru, supra, Isbrandtsen Co. v. Lloyd Brasiliero, 85 F.Supp. 740 (E.D.N.Y. 1949).

For these reasons the application to dismiss on the grounds of *forum non conveniens* is denied.

So ordered.