## WHEELER v. SOCIETE NATIONALE DES CHEMINS DE FER FRANCAIS (FRENCH NATIONAL RAILROADS).

United States District Court
S. D. New York.
June 19, 1952.

George J. Engelman, New York City, for plaintiff.

Joel G. Watsky, New York City, for defendant.

NOONAN, District Judge.

Plaintiff, a resident of Florida, brings this action against defendant, a French corporation. The action is one to recover for personal injuries, allegedly resulting from defendant's negligence in the operation of a locomotive. The accident occurred at La Pallice, France, on August 20, 1947.

This action was instituted on November 29, 1951. A suit for similar, or comparable, relief, based on the same occurrence, was commenced in France, on November 16, 1951.

Defendant has moved this court to dismiss the action on the grounds (a) forum non conveniens (b) that the action is barred by the statute of limitations.

The forum non conveniens aspect will be first considered. It is not the movant's contention that any other forum in the United States would be more convenient but rather that the proper forum is in France, where the accident occurred. Accordingly, the relief sought is dismissal.

Since this involves the exercise of the court's discretion, the court should necessarily weigh the relative advantages and obstacles to a fair trial; but unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

In support of its motion, defendant argues that the accident occurred in France, and all its witnesses reside in France. These witnesses will testify to the terrain surrounding the place of the accident, safety precautions in practice and conduct of the plaintiff. Defendant urges, and the court agrees, that such witnesses will be necessary to the defense of this suit. Moreover, defendant points out that as the action is brought under the provisions of the French Civil Code, a French Court is more properly suited to try the action. Finally, defendant argues that inasmuch as plaintiff had previously started an action in France, he should be left to pursue his remedy in the French Court.

Plaintiff in opposition states that at the time of the accident he was accompanied by six fellow crew members and that they are the only witnesses to the event. They all reside in this country, some within the jurisdiction of this court.

Clearly this is not a convenient forum for defendant, but it is by no means apparent that plaintiff's choice of forum has been prompted by an intent to vex or harass defendant. Quite possibly, there will be questions arising at the trial for which the sources of proof are in France. Yet the issues to be tried are not involved or complex ones. The presentation of the testimony of defendant's witnesses does place a burden on defendant, but in view of all the circumstances herein, it can not be said that this burden is an unconscionable one.

The fact that plaintiff instituted an action in France thirteen days prior to the one here has been considered. However, as stated in plaintiff's affidavit, this was done to insure a forum for plaintiff prior to the running of the French statute of limitation. Thus, while this is a factor to be considered, it is not controlling.

An American citizen does not have an absolute right under all circumstances to sue in an American Court. U. S. Merchants' & Shippers' Insurance Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392; De Sairigne v. Gould, D. C., 83 F.Supp. 270. However, an American Court may not decline jurisdiction of an action brought by a citizen unless it finds that an injustice would result in allowing him to proceed. The Saudades, D.C., 67 F.Supp. 820. Thus, briefly and simply, would justice dictate a denial to plaintiff of access to this court? This, in turn, involves a question of presence to the extent that, though defendant is "doing business" here (and this is not controverted), are "the attending inconveniences" so great that it would be an injustice to compel defendant to stand trial here merely on that account. Latimer v. S/A Industries Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184.

Considering all the circumstances here present, I do not find that the retention of this action would be such an injustice.

Admittedly, one party or the other is going to be inconvenienced. Those inconveniences to be suffered by the one cannot properly be considered except in relation to those that would otherwise be borne by the other. I conclude that plaintiff's choice of forum should not be disturbed.

The second basis on which defendant seeks dismissal is that the action is barred by the statute of limitations. As stated above, the accident occurred in France on August 20, 1947, and suit was not commenced here until November 29, 1951. Defendant urges upon the court that though the accident occurred in France, the statute of limitations applicable is that of the forum. In general, I agree. Janes v. Sackman Bros. Co., 177 F.2d 928, 930. Restatement of Law, Conflicts of Law Nos. 603. Defendant then argues that though plaintiff bases this action under Articles 1382, 1383, 1384 of the French Civil Code, the action in reality is one to recover for personal injuries resulting from negligence, for which the New York Civil Practice Act, Sec. 49,

654

subd. 6 prescribes a limit of three years. Plaintiff, in rebuttal, argues that the action is not barred, for the rights sought to be enforced here are created by statutes and, as provided by Sec. 48, subd. 2 of New York Civil Practice Act, the limitation is six years. Plaintiff also claims that the French statute of limitations should be applied because the rights to be enforced are created by statutes and the limitation imposed by the French Civil Code is a condition of substance.

The right of defendant to the latter relief requested here does not affirmatively appear on the face of the complaint, nor is it established in the affidavits supporting the motion. The effect of the French statute of limitations is a fact in issue which could not be determined on this motion. The legal effect of the Articles of the French Civil Code under which this action is brought and even their translation is disputed by the parties and cannot be resolved here. Therefore, defendant's motion to dismiss on the ground that the action is barred by the statute of limitations is denied.