**Herbert Miles HARRISON, Plaintiff,**

v.

**UNITED FRUIT COMPANY,**
**Defendant.**

United States District Court
S. D. New York.
July 31, 1956.

See also D.C., 141 F.Supp. 35.

---

David Haar, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, for defendant, Eugene Underwood, William M. Kimball, Gerard Harrington, Jr., New York City, of counsel.

LEVET, District Judge.

Defendant has moved to dismiss the complaint for failure to state a claim in that it does not allege the foreign law upon which the claim is predicated.

Plaintiff is a resident of Seattle, Washington, and a British subject, who was injured in an airplane accident in Honduras. He alleges that he was employed by defendant and that the airplane was owned by defendant's wholly-owned subsidiary corporation. It is further alleged that the subsidiary is defendant's agent in Honduras and that the pilot was an employee of the subsidiary. Plaintiff claims that the accident was caused by the pilot's violation of the "flight security rules of the Civil Air Transport Rules of Honduras then in effect, in that he flew the said airplane at a lower altitude than that required for safety" as prescribed in said rules. The specific Civil Air Transport Rules of Honduras and the foreign law which gives rise to any liability are not pleaded.

This Court does not believe that, in the exercise of its discretion pursuant to Section 344-a of the New York Civil Practice Act, a Court in this district can take judicial notice of the law of Honduras upon which liability is claimed, especially when the doctrines of respondeat superior and assumption of risk are involved. See Walton v. Arabian American Oil Co., 2 Cir., 1956, 233 F.2d 541. Under the circumstances of this case, the foreign law upon which plaintiff relies is a fact to be pleaded and proved. See Finne v. Koninklijke, etc., D.C.S.D.N.Y.1951, 11 F.R.D. 336.

Defendant's motion to dimiss the complaint is granted with leave to plaintiff to amend within twenty days after notice of entry of an order herein.

Settle order on notice.