James **STEWART**, Jacqueline S. **Cardelli** and Charles F. **Stratton**, as **Executors** of the Estate of Cecil P. Stewart, **Deceased, Plaintiffs,**

v.

Enrique **GODOY–SAYAN, Defendant.**

United States District Court
S. D. New York.

July 31, 1957.

Milton Pollack and Irving K. Rubin, New York City, for plaintiffs.

Dwight, Royall, Harris, Koegel & Caskey, New York City, Frederick W. P. Lorenzen, New York City, of counsel, for defendant.

DIMOCK, District Judge.

Plaintiff executors sue on a claim for damages alleged to have been suffered as a result of defendant's acts in looting a corporation of which they were stockholders. Defendant moves for a dismissal on the following grounds: (1) forum non conveniens, (2) failure to join the corporation as a party and (3) disquali-

4. The last phrase of the Rule reads: "and of making and directing all interlocutory motions, orders, and rules."

fication of plaintiffs by transfer of their stock and discharge as executors prior to the commencement of the action.

The complaint contains the following allegations: Cecil P. Stewart died on May 29, 1945, and letters testamentary under his will were issued to plaintiffs on July 11, 1945, by the Surrogate's Court, Nassau County, New York. The decedent was the owner of 1,000 shares of the stock of Sociedad Civil Interamericana de Administracion (hereinafter Interamericana) a Cuban corporation. Defendant was the owner of the entire balance of the stock of Interamericana. He offered to buy the executors' stock at an inadequate price but the offer was refused. Thereupon, pursuant to a plan to make the executors' stock worthless and to make them sell it to him for an inadequate price, he misappropriated the assets of Interamericana and rendered the executors' stock worthless. In 1948 the executors transferred 500 shares of the stock to one James Stewart and 500 shares to one Jacqueline S. Cardelli, as trustee under the decedent's will, "together with the claim and cause of action herein alleged". Thereafter James Stewart and Jacqueline S. Cardelli, as trustee, assigned the claim back to the executors and they bring this suit for damages of $192,500.

Both parties have submitted affidavits in support of their positions on the questions whether there is a defect of parties and whether the claim is one on which relief can be granted so the motion in those respects will be treated as one for summary judgment under Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. North American Iron & Steel Co. v. United States, D.C.E.D.N.Y., 130 F.Supp. 723.

It is alleged without contradiction that all of the acts of defendant, if they had been committed, would have to have taken place in Cuba. Plaintiffs thus seek damages for a tort committed in Cuba. Their right of action, if any, is created by Cuban law. Slater v. Mexican National R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900. Plaintiffs do not, how-

ever, set forth the Cuban law in their complaint as is required. Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 445, 9 S.Ct. 469, 32 L.Ed. 788; Empresa Agricola Chicama Ltda. v. Amtorg Trading Corp., D.C.S.D.N.Y., 57 F.Supp. 649, 650; Iafrate v. Compagnie Generale Transatlantique, D.C.S. D.N.Y., 106 F.Supp. 619. While it has been intimated in some decisions that, absent pleading and proof of foreign law, the local law will be applied (see, e. g., Medvedieff v. Cities Service Oil Co., D.C.S.D.N.Y., 35 F.Supp. 999, 1002) defendant here has submitted the affidavit of a Cuban lawyer as to the Cuban law and it would be highly unrealistic to spend time upon the question of the legal consequences which would result under the local law from the facts alleged in the complaint. As Mr. Justice Holmes said in Cuba R. Co. v. Crosby, 222 U.S. 473, 479, 32 S.Ct. 132, 133, 56 L.Ed. 274:

"In the case at bar the court was dealing with the law of Cuba, a country inheriting the law of Spain, and, we may presume, continuing it with such modifications as later years may have brought. There is no general presumption that that law is the same as the common law. We properly may say that we all know the fact to be otherwise."

The affidavit as to Cuban law submitted by defendant indicates that a claim such as that asserted here would be vested in the corporation. This statement is undenied but I am unwilling to grant summary judgment for defendant upon an unreasoned and undocumented conclusion as to the effect of law in which I have no training.

The same principle which teaches that a case ought not to be decided upon a lawyer's affidavit stating his conclusion as to the effect of foreign law also teaches that a tribunal unfamiliar with foreign law should be cautious in dealing with it no matter how exhaustively presented.

If the state of our own law is any criterion, the question of the right of a

former stockholder to recover from a third party who has injured the corporation is abstruse under the Cuban law. Unless plaintiffs' right to submit that question to an American court is clear, an American court ought to remit them to the courts of Cuba which administer the applicable law. That brings me to defendant's point of forum nonconveniens.

The only connection between the case and any jurisdiction other than Cuba is the fact that plaintiffs are residents and citizens of New York. Unless the mere fact of local residence of the plaintiff is enough to require a local court to entertain jurisdiction of an action based on a tort committed in a foreign country, this action should be dismissed under the forum non conveniens doctrine.

The stock on which plaintiffs base their claim was bought in Cuba. The corporation is a Cuban corporation having no connection whatsoever with any other country except that two of its stockholders reside here. The summons was served upon defendant in New York as a result of a request by James Stewart that he be received by defendant for a social visit. Not a single witness resides outside of Cuba. Not a single document which is involved, except the stock certificates of the two American stockholders, is outside of Cuba. All of them are in the Spanish language. All assets, books, records, documents, directors, officers and employees of Interamericana are in Cuba. As stated above, all of the acts alleged to have been committed, if they had been committed, would have had to take place in Cuba. Not a single question of American law is presented.

Thus the doctrine of forum non conveniens would dictate a dismissal of the action were it not for the facts that plaintiffs are American citizens and that dismissal would mean remission of their case to a foreign country.

Plaintiffs say that the court is without power to deny citizens of the United States access to a federal court and compel them to litigate in a foreign country. Strangely enough there seems to be no case which definitely passes on the question whether a citizen, suing in his own right in the federal court, may be remitted to a foreign jurisdiction under the doctrine of forum non conveniens. There is, however, a dictum of Judge Learned Hand in United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392, to the effect that the citizen's right of access to the federal court is conclusive against remission to a foreign jurisdiction under the doctrine of forum non conveniens when he sues in his own right. On page 392 he says: "Courts are maintained to give redress primarily to their own citizens; it is enough if these conform to the conditions set upon their jurisdiction. All this is entirely true, and would be conclusive, if the libellant sued in its own right." The court in that case applied the doctrine of forum non conveniens against an American insurance company suing as subrogate of an alien and remitted it to suit in Norway. The insurance company had insured a Dutch shipper whose goods had been lost on a voyage from Europe to China. The insurer paid the loss and, as subrogate, sued the carrier, a Norwegian shipping company, in the United States District Court in New York. The bill of lading provided that all questions arising under it were to be governed by Norwegian law and decided in Oslo. The Court of Appeals treated the case as one raising the question of forum non conveniens and did not discuss the possible binding effect of the provision requiring that questions arising under the bill of lading should be decided in Oslo.

Other cases have characterized as open the question of the application of the doctrine of forum non conveniens to a claim by a citizen in his own right where the alternative forum is a foreign country. Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 697, 70 S.Ct. 861, 94 L.Ed. 1206; Burt

v. Isthmus Development Company, 5 Cir., 218 F.2d 353, 357; The Saudades, D.C. E.D.Pa., 67 F.Supp. 820.

There is every reason for following Judge Hand's dictum in the Den Norske case so my only question is whether or not plaintiffs sue "in their own right" within his meaning. Their right, if any, is created by the Cuban law. Whether or not it is "their own right" within the meaning of our rule as to forum non conveniens depends upon its nature. We can judge its nature, in the absence of instruction as to the Cuban law, only by the allegations of the complaint. It is an integral part of the structure of the complaint that defendant despoiled the corporation while plaintiffs were stockholders. The injury which plaintiffs say gave rise to their claim was an injury to the corporation and through the corporation to the holders of its stock. To say that plaintiffs base their rights solely on an injury to themselves is to deny the separate existence of the corporation. The injury complained of was not such an injury as plaintiffs might have suffered if defendant had depressed the value of their stock by circulating false rumors without in any way meddling with the property or business of the corporation. Injury to the corporation, as distinguished from the stock, is an essential ingredient of the claim.

Do plaintiffs, in seeking redress for the injury that they claim, sue "in their own right" or are they barred by the forum non conveniens doctrine as was the insurer in the Den Norske case? A plaintiff may be the absolute owner of a claim and still not be entitled "in his own right", for the insurer in the Den Norske case was the absolute owner of the claim. It is thus not only nominal plaintiffs who lose the benefit of the citizen plaintiff exception to the forum non conveniens rule.

In the nature of things those who seek the protection of the forum non conveniens doctrine against plaintiffs who have chosen the forum are defendants. A paternalistic policy denies that protection to defendants where the plaintiff is a citizen and remission would be to a foreign country, provided plaintiff is "suing in his own right". Why this proviso? A plaintiff would seem to be just as worthy of parental indulgence where he goes abroad and picks up someone else's rights as where he goes abroad and himself becomes an original party to the transaction, yet it is only where he sues in his own right that the parens patriae refuses to protect the defendant under the doctrine of forum non conveniens. The reason for the distinction must be found in the policy of the law toward the defendant rather than its policy toward the plaintiff. That points to the fact that, in a case like Den Norske, the defendant has dealt with someone like the foreign shipper and contemplates that in the natural course of events claims arising out of that transaction will be presented in the setting appropriate for claims by that shipper. Our law refuses to disappoint that expectation when an American third party seeks to enforce rights arising out of that transaction.

If I am right that that is the reason for the "in his own right" qualification, then, in the case at bar, the qualification does not come into play. Defendant, when he obtained property from Interamericana, could contemplate that in the natural course of events claims arising out of the transaction would be presented in the setting appropriate for claims by Interamericana. Plaintiffs, even if under Cuban law they may sue without joining Interamericana and when they no longer hold their stock, still base their claim on the right of Interamericana and therefore enjoy no additional rights with respect to the forum because of their American citizenship.

The court in its discretion declines jurisdiction on the ground of forum non conveniens.

It is adjudged that the action be and it hereby is dismissed. See Rule 58, Fed.Rules Civ.Proc., 28 U.S.C.