Sam R. KNIGHT, Plaintiff,

v.

Dionisio R. BOLIVAR, Defendant.

United States District Court
S. D. New York.

Nov. 20, 1957.

John A. Brough, New York City, John A. Brough, Alfred E. Froh, New York City, of counsel, for plaintiff.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendant.

LEVET, District Judge.

Defendant has moved to dismiss the complaint on the grounds that:

1.   This court is not the proper forum for the trial of this action;  and

2.   An indispensable party has not been joined and that plaintiff lacks the capacity to sue herein as an individual. Motion is also made to vacate plaintiff's notice of examination of defendant.

The plaintiff is a resident of the State of New York.  The defendant is a resident of Venezuela, who was served with process while in the State of New York in an action brought by the plaintiff in the Supreme Court of the State of New York, County of New York.  The defendant thereafter secured the removal of the cause to the United States District Court, Southern District of New York.

The complaint alleges that in July of 1948, plaintiff purchased 300 shares of the 1,000 shares of stock of Industrias Unidas, S.A. (hereinafter called Unidas), a corporation organized under the laws of the Republic of Venezuela. This corporation engaged in the real estate and development business in Venezuela. In October of 1948, Unidas appointed the defendant and another prominent citizen of Venezuela, who were partners, as exclusive agents to act as brokers for the sale of property owned by Unidas. A small block of stock in Unidas was transferred by the plaintiff and other stockholders. Certain rearrangements of stock holdings took place, as a result of which defendant and his partner obtained the majority of the voting shares of Unidas. In March 1953, by reason of the control of Unidas and allegedly in furtherance of a conspiracy to defraud the plaintiff, the defendant was appointed as "administrator" of Unidas to act in lieu of the officers and directors. This procedure it appears is authorized by Article 242 of the Commercial Code of Venezuela, which is as follows:

"Article 242.—A corporation is administered by one or more administrators who are in tenure limited by time, revocable, who may be stockholders or nonstockholders."

The complaint further alleges that the defendant in effect has wasted the assets of the corporation and transferred the assets to others without adequate consideration, all to the damage of the plaintiff. The complaint alleges that under the laws of Venezuela the transactions set forth therein and the participation of the defendant in such acts made the defendant liable to plaintiff for all damages incurred by plaintiff as a result thereof.

The statute on which plaintiff contends this result flows is Article 266 of the Commercial Code of Venezuela, which is as follows:

"Article 266.—The administrators are jointly and severally liable to the stockholders and to third parties, as follows:

"1. for the (real) existence of the amounts paid in by the stockholders;

"2. for the actual availability of dividends paid;

"3. for the execution of the decisions of shareholders' meetings;

"4. for the faithful fulfilment of the duties laid upon them by law and the company by-laws."

The defendant asserts that the action should be dismissed on the ground of forum non conveniens. The factors which it is contended support this motion are as follows:

1. The transactions alleged are governed solely by the laws of Venezuela;

2. There was no prospective reliance by any of the parties upon the courts or laws of the United States;

3. All witnesses other than plaintiff and all books and records are absent from the United States;

4. Action in the United States fragmentizes this suit, it being contended that other parties will be involved with similar claims;

5. The courts of Venezuela are open to plaintiff;

6. The plaintiff is not suing "in his own right"—that is, that the corporation is an indispensable party.

The plaintiff in opposing this motion submits the following:

1. His own affidavit;

2. The affidavit of Richard B. Montgomery, Jr., a practicing attorney in the State of Louisiana, who visited Venezuela with the plaintiff;

3. The affidavit of John A. Brough, attorney at law in the City of New York; and

4. Affidavit of Dr. Marino Arcaya, a citizen of the Republic of Venezuela and a resident of the City of New York, who was admitted as a member of the Bar of Venezuela in 1943 and is still so licensed.

The facts set forth in the affidavits above mentioned demonstrate that the

plaintiff, if this action is dismissed in this forum, has little likelihood of being able to prosecute the action elsewhere.

▆▆▆ The moving papers in themselves do not controvert any material allegations of the complaint and in any event the facts alleged by the complaint must, upon motion directed to jurisdiction, be deemed to be true. Southern Music Publishing Co. v. Walt Disney Productions, D.C.S.D.N.Y.1947, 73 F. Supp. 580. The facts include plaintiff's allegations as to the Venezuelan law. [The affidavit of the Venezuelan lawyer substantiates this factual contention of Venezuelan law made by the plaintiff; to this the defendant submits no competent denial.] Consequently, even the problem of whether Unidas is an indispensable party is a question of fact which must be determined at the trial since this depends upon whether the transactions complained of create any substantive right in the corporation which would make it an indispensable party and is wholly a question of the law of Venezuela. See Cuba R. Co. v. Crosby, 1912, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274; Ozanic v. United States, 2 Cir., 1948, 165 F.2d 738, 744; Harrison v. United Fruit Company, D.C.S.D.N.Y.1956, 143 F.Supp. 598; Jacques Krijn en Zoon v. Schrijver, D.C.S.D.N.Y.1957, 151 F.Supp. 955.

In this connection the moving affidavit makes no statement whatsoever as to the Venezuelan law. On the other hand, the answering affidavit of Dr. Mariano Arcaya in effect states that plaintiff's right against the defendant as an "administrator" of the corporation is a personal right of the stockholder for damage by reason of the diminution of the value of his shares resulting from the "administrator's" misconduct and that this is in no sense a derivative right of action.

The possibility that this forum may be the only one in which plaintiff can maintain his action is an important consideration. As stated in Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 506–507, 67 S.Ct. 839, 842, 91 L.Ed. 1055:

"In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."

In Lesser v. Chevalier, D.C.S.D.N.Y. 1956, 138 F.Supp. 330, Judge Bicks stated:

"Mere inconvenience to a noncitizen is not ground for dismissing a suit brought by a citizen of the United States in a Federal Court and relegating him to the courts of defendant's country." At page 331.

However, the defendant relies on the case of Stewart v. Godoy-Sayan, D.C.S. D.N.Y.1957, 153 F.Supp. 544, decided by Judge Dimock on July 31, 1957. In the Stewart case, similar claims were urged by the defendant by reason of allegations relating to a tort committed in Cuba. Unlike the present case, the defendant there submitted the affidavit of a Cuban lawyer as to the Cuban law, to the effect that the claim asserted was vested in the corporation. This statement was not denied. Since the local law of New York followed the derivative system and since the only proof with respect to the Cuban law submitted failed to support plaintiff's right to submit the question to an American court, Judge Dimock concluded that the American court ought to remit plaintiff to the courts of Cuba. The opinion refers to a statement of Judge Learned Hand in United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392, to the effect that the citizen's right of access to the federal court is conclusive against remission to a foreign jurisdiction under the doctrine of forum non conveniens *when he sues in his own right.* On page 392, Judge Hand said: "Courts are maintained to give redress primarily to their own citizens; it is enough if these conform to the conditions set upon their jurisdiction. All this is entirely true, and would be conclusive, if the libellant sued in its own right."

As Judge Dimock concluded: "The injury which plaintiffs say gave rise to their claim was an injury to the corporation and through the corporation to the holders of its stock * * * Injury to the corporation, as distinguished from the stock, is an essential ingredient of the claim." 153 F.Supp. at page 547.

Here, the plaintiff is suing in his own right and the law with regard to the capacity of the plaintiff to bring suit is a question of fact to be determined by the trial court.

Accordingly, defendant's motions are denied.

So ordered.