Paul S. HOROVITZ and David C. Horovitz, infants, by their Guardian ad Litem Samuel B. Horovitz, Samuel B. Horovitz and Evelyn Horovitz, Plaintiffs,

v.

RENAULT, Inc., Defendant.

United States District Court
S. D. New York.
May 14, 1958.

Harry H. Lipsig, New York City, Jay Leo Rothschild, New York City, of counsel, for plaintiffs.

Coudert Brothers, New York City, Gerald J. Dunworth and John W. Dougherty III, New York City, of counsel, for defendant.

PALMIERI, District Judge.

This is an action to recover for personal injuries sustained by the plaintiffs when an automobile rented from the defendant overturned. The accident occurred on August 22, 1957, in Andujar, Spain, and was allegedly caused by a faulty steering mechanism. The amended complaint also contains a cause of action based upon the alleged alteration and improper negotiation and presentation for payment of a promissory note. The note was executed in defendant's favor by the plaintiff, Evelyn Horovitz, in compliance with a guarantee clause to ensure the return of the car at the end of the three-month rental period. The alteration was allegedly made to convert the note into a negotiable instrument within the purview of the Negotiable Instruments Law of the State of New York, § 1 et seq. All of the acts of the parties with respect to the promissory note apparently took place in New York or Boston.

The plaintiffs are United States citizens and residents of Massachusetts. The defendant is a New York corporation doing business in New York City and elsewhere. The contract between the

parties was executed in the United States but delivery of the car, a Renault "Dauphine" automobile of French manufacture, was made in France. The car was to be returned to the defendant's agent in France at the end of the three-month period contracted for.

While admitting that this Court has jurisdiction over the defendant, Renault, Inc., and of the subject matter of the action, the defendant requests that this Court, in its discretion, and on the basis of the agreement of the parties, and the facts of the case, decline to take jurisdiction of the action. In effect, the defendant seeks to compel the plaintiffs to litigate in France.

■ The doctrine of *forum non conveniens* is applicable to "cases not within [28 U.S.C. § 1404(a) (1952)]— cases which should have been brought in a foreign jurisdiction, rather than in the United States." Vanity Fair Mills v. T. Eaton Co., 2 Cir., 234 F.2d 633, 645, certiorari denied, 1956, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76.[1] The defendant urges that since all the witnesses capable of testifying to the manufacture of the car are in France, and since all those capable of testifying to the accident, including many of its medical aspects, are in Spain, and since the contract was substantially performed by the parties in France, the parties should resolve the issues before the French courts. Defendant urges that this is the jurisdiction most intimately concerned with the outcome of this particular litigation.[2] But the answer to this argument is that the defendant, which seeks to bar the plaintiffs from this Court, is a New York corporation, doing business here and domiciled here. It held itself out to the plaintiffs as being able and willing to provide them with an automobile for a touring trip in Europe. The plaintiffs were known to the defendant to be United States citizens and residents, departing for a relatively brief European vacation and intending to return here where they had their home and day to day contacts. Within the framework of the surrounding circumstances, and having held itself out to the plaintiffs as being able to furnish a car in Europe for a stipulated period of time, it is not unreasonable that the defendant be expected to hold itself answerable before the courts here for alleged breaches of its contractual obligations. Its principal office and field of business activity are here and they are sufficient to justify retention of jurisdiction, notwithstanding the fact that a large part of its contractual performance took place abroad.[3] There are neither extreme circumstances nor manifest injustice which indicate that this Court should force American citizens to seek redress in a foreign court,[4] a course of action which United States courts are reluctant to take. Vanity Fair Mills v. T. Eaton Co., supra, 234 F.2d at page 646.

■ But the defendant's argument does not rest alone on the broad considerations just referred to. It asserts that the written agreement between the parties provides for the exclusive jurisdiction of the French courts; that this provision is reasonable, and therefore

1. See also, De Sairigne v. Gould, D.C.S.D. N.Y., 83 F.Supp. 270, affirmed, 2 Cir., 1949, 177 F.2d 515, certiorari denied, 1950, 339 U.S. 912, 70 S.Ct. 571, 94 L. Ed. 1338.

2. The defendant relies expressly on Auten v. Auten, 1954, 308 N.Y. 155, 161–163, 124 N.E.2d 99, 102–103, 50 A.L.R.2d 246, which involves a choice of law problem rather than one of *forum non conveniens*. See also Fricke v. Isbrandtsen Co., D.C.S.D.N.Y.1957, 151 F.Supp. 465, discussed in 58 Col.L.Rev. 274 (1958); Cheatham and Reese, Choice of the Applicable Law, 52 Col.L.Rev. 959, 970–976 (1952); Harper, Policy Bases of the Conflict of Laws: Reflections on Rereading Professor Lorenzen's Essays, 56 Yale L.J. 1155, 1163–1167, 1170–1171 (1947).

3. Burt v. Isthmus Development Co., 5 Cir., 218 F.2d 353, 357–358, certiorari denied 1955, 349 U.S. 922, 75 S.Ct. 661, 99 L. Ed. 1254.

4. Burt v. Isthmus Development Co., supra note 3, at page 357.

valid, and should be enforced.[5] The element of reasonableness is urged by the defendant on substantially the same grounds previously urged to move the Court's discretion to decline jurisdiction. This reasonableness, the defendant argues, "becomes still more apparent in light of the facts as they subsequently occurred and the situation of the parties as they now stand." What I have already said on the discretionary branch of the defendant's motion applies with equal force here. Nor does the defendant's argument that Spanish law may be applied (on the tort phases of the case) and French law as well (on the contract phases), strengthen its position. The necessity to apply foreign laws is a frequent problem in the federal courts and one with which they have become familiar; foreign laws and their interpretation are questions of fact, triable and reviewable as are any other factual issues.[6]

But apart from what I have said, this case presents serious threshold impediments before the reasonableness of the parties' alleged jurisdictional stipulation may be considered. It must first be determined what the written contract between the parties is. Once this is determined, its meaning must be ascertained. Then, and only if the French court jurisdictional stipulation, much bruited by the parties, is found to be in the case at all, may its effect be determined.

Much of the affidavits, oral argument and the written briefs has been taken up by the meaning of the French terms of the contract, and I shall allude to them later. However, that problem arises when and only when the Court finds that these French terms are a part of the written contract between the parties.

I turn now to a consideration of the extent of the parties' written agreement. The plaintiff, Evelyn Horovitz, signed two order forms printed in English, presumably prepared by the defendant, and accepted by it. One is entitled "Purchase Order No. 3678 for Overseas Delivery" and is referred to by defendant as a "Purchase Order Form." It is apparently designed to serve for use either as the basis for a rental or a sale transaction involving overseas delivery of an automobile. The other form is entitled "Budget Plan—Order Form." Although the terms "rental" and "hire" are nowhere mentioned, it is clear that the agreement contemplated the use of the automobile, which was to be provided by the defendant, for a period of three months. Indeed, the words "three months —NO REPURCHASE" appear after the following words on the Purchase Order Form: "Plan to retain car approximately ———." The total price paid for the three months' use was $427. This amount included a $50 refundable deposit which was "required to ensure the car is returned in saleable condition, fair wear and tear excepted." The promissory note signed by the plaintiff, Evelyn M. Horovitz, and which appears at the bottom of the Budget Plan—Order Form, was post-dated October 17, 1957, over a month after the date stipulated for the return of the car on September 5, 1957. This promissory note was required to be executed, according to the terms of the Budget Plan—Order Form, "in order to guarantee the return of the car." There is also a provision in the Budget Plan—Order Form for registration of the car in the user's name and delivery "complete with insurance and European travel documents * * *." Insurance coverage is stipulated to be "unlimited liability, fire, theft, and $50 deductible collision." There is no detail with respect to the precise limits of this insurance, or the parties covered. Presumably the Horovitzes were to be protected in some way but it is not clear just how; nor is

5. Wm. H. Muller & Co. v. Swedish American Line, Ltd., 2 Cir., 224 F.2d 806, certiorari denied, 1955, 350 U.S. 903, 76 S. Ct. 182, 100 L.Ed. 793.

6. Burt v. Isthmus Development Co., supra

note 3, 218 F.2d at page 357; Talbot v. Seeman, 1801, 1 Cranch 1, 38, 2 L.Ed. 15; Murphy v. Bankers Commercial Corp., D.C.S.D.N.Y.1953, 111 F.Supp. 608, 611; Read v. Lehigh Valley R. Co., 1940, 284 N.Y. 435, 444, 31 N.E.2d 891, 895.

there any statement as to whether the interests of Renault, Inc., were covered.

In neither the Purchase Order Form nor the Budget Plan—Order Form was there any reference to the exclusive jurisdiction over any dispute by the French courts. These were the only two forms which appear to have been seen and dealt with by the parties at the time the contract was executed.

The last line of the Purchase Order Form contains a sentence which constitutes the basis for the defendant's assertion that the parties contemplated and effected a jurisdictional stipulation. This sentence reads as follows:

"This order is subject to the current prices at time of delivery and to terms of sale of REGIE NATIONALE DES USINES RENAULT."

Within the terms of sale of Regie Nationale des Usines Renault there appears the jurisdictional stipulation to which I will later refer. It is submitted by the defendant and consists of one unsigned, uninitialled page, printed in French and its title can be translated: "General Conditions of Sale and Guarantee of Renault Vehicles." [7] Before discussing it, however, I should point out that the above-quoted sentence from the Purchase Order Form clearly refers to a contract of purchase and sale. The Horovitz agreement was essentially an agreement for rental and not purchase. There was no need to refer beyond its terms to any current prices at time of delivery since all of the financial terms assumed by the plaintiff, Evelyn Horovitz, were clearly stipulated. Moreover, there was no necessity to refer to "terms of sale" since no sale was contemplated. This was, in my opinion, a three months' rental contract and nothing more. I find, therefore, that the "terms of sale" were not incorporated in the agreement and that the parties have not entered into any stipulation conferring exclusive jurisdiction on the French courts.

However, assuming *arguendo* that the Purchase Order Form appropriately incorporated certain "terms of sale," even though they appear not to have been seen or discussed by the parties, the jurisdictional clause appears. I do not wish to enlarge upon the French-English translation controversy reflected by the papers in this case. Assuming the translation suggested by the plaintiffs to be acceptable, it is as follows:

"12. JURISDICTION—It is expressly agreed that the only competent tribunals shall be:

"(a) For all litigation between the Seller and the Buyer relating to the carrying out of the order: The tribunals in the jurisdiction in which is located the principal office of the Seller.

"(b) For all litigations in which the manufacturer is made a party, particularly with respect to enforcement of the guarantee: the tribunals of the Seine.[8]

---

7. The French text is: "Conditions Generales de Vente et De Garantie Des Vehicules Renault."

8. Much of the translation issue between the parties centers upon whether the French term "contestation" means "dispute" or "litigation;" and whether "mis en cause" means "implicated" or "made a party." The clause in its French text is as follows:
   "12° JURIDICTION—De Convention expresse seront seuls competents:
   "a) Les Tribunaux dont depend le siege social du vendeur pour toute contestation entre le vendeur et l'acheteur, relative a l'execution de la commande.

"b) Les Tribunaux de la Seine, pour toutes contestations ou le Constructeur serait mis en cause, notamment pour l'application de la garantie."
   The defendant translates this clause as follows:
   "12. JURISDICTION—It is expressly agreed that the only competent tribunals shall be:
   "(a) The Tribunals within the jurisdiction of which is the principal office of the seller in case of any dispute arising between the seller and the purchaser out of the execution of the order.
   "(b) The Tribunals of the Seine for any contestations in which the Manufac-

"These clauses relating to jurisdiction apply even in case of summary procedure, legal claim, enforcement of the guarantee or in the case of a plurality of defendants, whether the question arises in an action predicated on a contract, civil or commercial, or in an action based on a technical defense under Article 1382 and those following sections of the Civil Code. Neither the different methods of shipment or payment, the disposition, acceptance of payment or shipment against payment, nor the place of delivery shall create either substitute for or impair the foregoing."

■ In my view, this clause contemplated fixing the jurisdiction of litigation arising from a sale of a Renault automobile. Regardless of which translation is accepted, it is clear that its terms refer to the "Seller," the "Buyer," and the "Manufacturer." I have some difficulty in equating Renault, Inc. and the plaintiffs with these terms of the contract. The defendant implies by its arguments [9] that it fills the shoes of the "Seller" and the plaintiffs those of the "Purchaser;" and that, consequently, since there is a dispute between them, involving a mechanical guarantee, the Manufacturer is "implicated," though he is not a party to the lawsuit. Hence, the defendant urges, the case should be litigated before the French tribunals. I think the interpretation necessary to sustain this argument can be reached only by straining the terms of the contract, for Evelyn Horovitz was not a "Purchaser" and the defendant was not a "Seller." But, even if I were to accept the argument of the defendant, exclusive jurisdiction in French tribunals is not consonant, in my opinion, with the

terms of part (a) [10] of the jurisdictional clause itself. That clause provides for jurisdiction by the tribunals in which the principal office of the Seller is located, in any legal controversy between the Seller and the Buyer with respect to the performance of the contract. There is no reference there to French tribunals. Much can be said to support the view that, assuming the defendant to be the "Seller" and the plaintiffs to be the "Buyer," and since this case involves a dispute arising out of the performance of the contract, it is properly before the courts in New York under the very terms referred to.

In conclusion, my understanding of the "terms of sale" is that they are referable only to sales of Renault automobiles and not rentals; that the parties here did not engage in a purchase and sale transaction; and that, consequently, the alleged French terms are not applicable. Assuming, *arguendo*, their application to the type of transaction engaged in by the parties before the Court, the very provisions of the terms of sale would, in my opinion, prevent their application here, at least in so far as they purport to confer exclusive jurisdiction on the French courts.

■ Lastly, I should refer to another consideration in disposing of these motions. The plaintiffs' cause of action for the wrongful alteration, negotiation, and presentation of the promissory note is clearly a cause of action arising out of and relating to the activities of the parties within the United States. The relationship between this cause of action and what occurred in Europe is incidental. If the defendant were to succeed on these motions, it would still be answerable, here, on the plaintiffs' cause of action with respect to the promissory

---

turer would be implicated, particularly regarding the application of the guaranty."

Regardless of which translation is correct, the impact of this entire clause makes clear, I think, its purpose to refer to lawsuits, and not to controversies outside the realm of justiciable controversies.

9. Since the "terms of sale" are incorporated only if the transaction between the parties was a purchase and sale. See discussion supra pp.

10. See footnote 8, supra, and text thereat.

note. The defendant has not contended that this claim should also be remitted to the French courts. Under such circumstances, the parties would find themselves confronted by separate litigations both in this court and in France and with all the attendant problems of added expense, vexation, and inconvenience. This constitutes an additional ground for my denial of the defendant's motions.

Accordingly, the motions are denied in all respects.

So ordered.