**A. THOMSON and F. Hope, Petitioners,**

v.

**Edmund L. PALMIERI, United States District Judge for the Southern District of New York, Respondent.**

**Docket 29878.**

United States Court of Appeals
Second Circuit.

Argued Oct. 25, 1965.

Decided Jan. 11, 1966.

Robert S. Groban, Martin Novack, Groban & Rava, New York City, for petitioners.

Albert A. Blinder, Mark A. Vogel, Blinder & Steinhaus, New York City, for Scottish Air International, Inc., plaintiff in the action below, File No. 65, Civil Action No. 1782, Southern Dist. of New York.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and LEVET, District Judge.

J. JOSEPH SMITH, Circuit Judge:

Thomson and Hope petition for a writ of mandamus or prohibition, or both, against Judge Palmieri, who denied their motion to dismiss an action brought against them and others derivatively by Scottish Air International, Inc., a New York corporation. The ground for the motion to dismiss was forum non conveniens.

Scottish commenced the underlying derivative action in the New York state courts, and the defendants removed. Scottish is the sole United States shareholder of the corporate defendant in that action, Caledonian Airways/Prestwick, Ltd., and was formed to syndicate the United States capital contributed to the formation of Caledonian, a corporation organized under the laws of the United Kingdom. Scottish has over 25 shareholders, whose contribution to Caledonian amounted to about $45,000, a substantial portion of the original capital. Scottish and Caledonian were formed at the same time as part of an over-all plan. Caledonian maintains an office in New York City for the solicitation of its transatlantic air charter business, and derives substantial revenue from its flights to and from Kennedy Airport.

After removal, the defendants moved for dismissal on the ground of forum non conveniens, arguing that all material witnesses were in the United Kingdom, United Kingdom law applied to all causes of action, and that plaintiffs had a convenient forum and remedy in the United Kingdom. Judge Palmieri's order denying the motion is dated July 7, 1965, and petitioners filed here on July 20.

While there are strong arguments of convenience for trial of the issues in the United Kingdom, particularly since the case involves internal management of a United Kingdom corporation, there are substantial New York facets of the business. Caledonian not only carries on its air transport business largely from New York, but came here for the capital on which Scottish's claims are based.

The District Court relied on Vanity Fair Mills, Inc. v. T. Eaton Co., Ltd., 234 F.2d 633 (2 Cir. 1956), cert. den. 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956), Burt v. Isthmus Development Co., 218 F.2d 353 (5 Cir.), cert. den. 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254 (1955), and Horovitz v. Renault, Inc., 162 F.Supp. 344 (SDNY 1958), a decision of Judge Palmieri. As petitioner points out, Burt and Horovitz each involved a United States defendant, whereas the defendants in the derivative action here are all from the United Kingdom, save one retired director. But Caledonian does business here, derives income from substantial operations here, and came here for initial capital. Under these circumstances the fact that Burt and Horovitz deal with domestic defendants does not necessarily make them inapplicable. The doctrine that a United States citizen does not have an absolute right to use United States courts usually is expressed in the context of the citizen doing business abroad, expecting still to use United States courts. Here Caledonian came to the United States for capital, and it is not unnatural for Scottish to choose the local forum.

Similarly, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and Koster v. (American) Lumbermen's Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) may be distinguished because there was no question of seeking a forum in a for-

eign state. In Koster, plaintiff sued derivately, for a corporation organized under Illinois law. Plaintiff was a resident of the forum state. Nevertheless the complaint was dismissed. But in Koster the contact of the defendant corporation and of the defendant directors with the forum was minimal. That is not so here, inasmuch as Caledonian derived capital and income from New York.

In a number of cases the question posed on this petition has been posed more squarely. Most require that the defendant be vexed and harassed by plaintiff's choice of forum. And usually the defendant was not a United States citizen or resident, and was only served because of minimal contacts with the forum. In DeSairigne v. Gould, 83 F.Supp. 270 (SDNY 1949), aff'd 177 F.2d 515 (2 Cir.), cert. den. 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338, an alien plaintiff sued a United States citizen, resident of France, and the court granted a motion to dismiss. Here the plaintiff may be a New York corporation, but it sues in the name of the foreign corporation. Thus the present case is somewhat more like DeSairigne than The Saudades, 67 F.Supp. 820 (E.D.Pa.1946), Knight v. Bolivar, 156 F.Supp. 561 (SDNY 1957), or Wheeler v. Societe Nationale Des Chemins, 108 F.Supp. 652 (SDNY 1952), in all of which the United States plaintiff sued for his own benefit. But in view of defendant corporation's contacts with the forum, the rationale of DeSairigne is not controlling.

■ The central question is one of convenience, and we should respect plaintiff's choice of forum as long as no harassment is intended. Presumably the witnesses employed by the defendant corporation can be examined in the United Kingdom, by letters rogatory enforced by comity accorded the United States court by United Kingdom courts. Any remaining witnesses or parties, it is true, must come to the forum, and perhaps the business of the defendant corporation will be inconvenienced. But it appears that these parties and witnesses have occasion to come to New York for business purposes, and can do so cheaply on their own aircraft. And plaintiff, opposing here says that it could not afford to bring the matter elsewhere, whether through administrative process or by suit.

■ Scottish argues in addition that New York law controls this question, and that under that law there is no discretion to dimiss for forum non conveniens under these circumstances. New York will decline jurisdiction over imported tort suits, where all parties are non-resident, but the New York court cannot decline jurisdiction when one party is a New York resident. DeLa Bouillerie v. DeVienne, 300 N.Y. 60, 89 N.E.2d 15, 48 A.L.R.2d 798 (1949).

■ The question whether the doctrine of Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 requires that forum non conveniens be considered "substantive" has been left open by the Supreme Court. Williams v. Green Bay & W. R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 31 (1946); Gulf Oil Corp. v. Gilbert, supra. Weiss v. Routh, 149 F.2d 193 (2 Cir. 1945) held that the federal court should follow the state rule. The Gulf Oil case in the Court of Appeals, 153 F.2d 883, 170 A.L.R. 319 (2 Cir. 1946), held that the matter was procedural. All this came before 1948, when § 1404(a) was enacted. As to transfers, therefore, the matter is governed by federal law, there being a statute. Willis v. Weil Pump Co., 222 F.2d 261 (2 Cir. 1955). In Shulman v. Compagnie Generale Transatlantique, 152 F.Supp. 833 (SDNY 1957), the court observed that it would be proper to ignore the state rule despite a difference of outcome because the purpose of the diversity jurisdiction is to prevent discrimination against non-residents. That rationale would apply to cases of dismissal as well as transfer. And Shulman itself was a dismissal case.

■■ We find it unnecessary to rest our decision on the New York law, however, for even if we should hold that New York law does not govern, and that the matter rested in Judge Palmieri's judi-

cial discretion, we find no abuse of his discretion here. We conclude that no sufficient grounds exist for a direction to Judge Palmieri by way of mandamus or prohibition to require that he dismiss the stockholder's action on the ground of forum non conveniens.

Petition denied.

LUMBARD, Chief Judge (concurring):

I concur. On these facts we cannot say that the district court has abused its discretion in denying the motion to dismiss on the ground of forum non conveniens. I think it should also be said, however, that had the district court granted the motion, I, for one, would feel that that would not have been an abuse of discretion as a matter of federal law. Of course, Judge Palmieri could only have granted the motion if federal law controls, a question that I, like my brother Smith, find it unnecessary to decide here.

LEVET, District Judge:

I concur in Judge LUMBARD's opinion and in Judge SMITH's opinion.