■ IRRIGATION & INDUSTRIAL DEVELOPMENT CORPORATION, Respondent, v. INDAG S. A., Appellant.— Order, Supreme Court, New York County, entered August 20, 1973, denying defendant's motion to dismiss the action for lack of jurisdiction and on the ground of *forum non conveniens,* reversed, on the law and in the exercise of discretion, with $60 costs and disbursements of this appeal to appellant, and said motion granted in the interest of substantial justice (CPLR 327), upon condition that defendant ("Indag") serves notice upon plaintiff, within 20 days after the service upon it by plaintiff of a copy of the order to be settled hereon, with notice of entry, that it will accept service of process in Switzerland and appear in any action commenced therein by plaintiffs for the same relief demanded in the complaint herein and that in any action so commenced it will not plead (and thereby waives) the Statute

of Limitations as a defense. In the event of Indag's failure to comply with the foregoing conditions, the order is affirmed, without costs and without disbursements. The underlying dispute between plaintiff, a New York corporation, and Indag, a Swiss corporation, centers around an agreement. executed in Lausanne, Switzerland on March 9, 1971, which, in effect, reorganized Indag and restructured its ownership. Pursuant to that agreement, five bills of exchange were drawn on and accepted by plaintiff to Indag's order. When plaintiff refused payment on the first such bill, Indag attempted to enforce collection by utilizing the simplified procedures of CPLR 3213. Plaintiff opposed the motion by asserting defenses and counterclaims predicated, primarily, on alleged breaches of the 1971 agreement. Special Term denied Indag's motion and directed the service of formal pleadings. Instead of complying with such direction, Indag served a notice of voluntary discontinuance. (CPLR 3217, subd. [a].) Shortly thereafter, plaintiff commenced the instant action for substantial damages and related relief resulting from defendant's asserted breaches of the aforesaid agreement. We all agree with the learned Justice below that, under the circumstances here presented, Indag's attempt to unilaterally discontinue its action was ineffective. Accordingly, the court below had jurisdiction to entertain this action. (CPLR 303.) The majority, however, believes that Special Term's failure to dismiss the action on the ground of *forum non conveniens*, merely because Indag brought its first limited action here, was an improvident exercise of discretion. In reaching our determination we have given consideration, *inter alia*, to the following: Plaintiff, though a domestic corporation, deals extensively in Europe with foreign corporations, whereas defendant transacts no business in the United States; the 1971 agreement was negotiated and executed in Switzerland, a signatory thereto is not subject to our jurisdiction, and the agreement provides that Swiss tribunals have jurisdiction to adjudicate any litigation arising thereunder; performance under the contract occurred in Europe and North Africa; the trial (and any pretrial discovery proceedings) will necessarily involve numerous European witnesses and documentary evidence located in Switzerland; and the rights and liabilities of the parties depend entirely upon events which took place in Switzerland and the Iberian Peninsula and have no relation to this State. In short, after weighing all of the relevant factors " it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties." (*Silver* v. *Great Amer. Ins. Co.*, 29 N Y 2d 356, 361.) Concur — Nunez, Murphy and Lane, JJ.; Markewich, J. P., and Steuer, J., dissent in the following memorandum by Markewich, J. P.: The order of Supreme Court refusing to dismiss on the ground of *forum non conveniens* should, in our view, be affirmed. The reliance of the majority is expressly placed on *Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356). But *Silver* is not an absolute. The decision itself says it is not an absolute in words which appear immediately before the language quoted in the majority memorandum: " Its application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties." (*Silver,* p. 361.) The decision goes on to say (same page) that " such residence is, of course, an important factor to be considered," that the forum to be chosen is one " which will best serve the ends of justice and the convenience of the parties," and that " the great advantage of the doctrine " is " flexibility based on the facts and circumstances of a particular case." In short, the thrust of *Silver* is to have every case stand on its own circumstances. This court has, wholly consistently with *Silver's* meaning, decided to keep " foreign " cases here where justified by the circumstances. (See *Slaughter* v. *Waters*,

41 A D 2d 810, discussed in Survey of New York Practice, 48 St. John's L. Rev. 171–173.) As noted in a dissent in *Slaughter* (p. 811), "not a shred of a connection, except residence, links this plaintiff to New York". An even more notable illustration is found in *Mirabella* v. *Banco Industrial De La Republica Argentina* (43 A D 2d 489). In that case, a unanimous court, two members of which are members of the majority both in this case and in *Slaughter*, kept a case in New York wherein it appeared even more clearly than here or in *Slaughter* that the *sine qua non* justifying retention was plaintiff's New York citizenship. In *Mirabella*, the plaintiff New York resident was merely assignee of an Italian corporation, and defendant was an Argentinian corporation. But the other factors in each case outweighed the fragile and tenuous factor of New York citizenship. We assume every fact stated in the majority opinion to be true. However the sum total of all these factors, inclusive of the factor of plaintiff-respondent corporation's location here, seem to lead irresistibly to a conclusion that justice requires that the case should remain here. Defendant-appellant, a Swiss corporation, came here to institute a proceeding for summary judgment (CPLR 3213) against this plaintiff. It failed; pleadings were ordered and, at this writing, that case is still pending here in New York, unaffected by the instant case except that the majority, to cut a tie to New York, directs that the order to be settled " may also provide for the discontinuance of the prior action commenced by Indag against plaintiff." In short, what has happened is that appellant, having chosen our State as a forum for litigation against our resident corporation, has failed in a 3213 proceeding, defeated at Special Term — a decision never appealed — and, further, has failed, up to now, in an attempt to discontinue unilaterally. Plaintiff has reacted to the 3213 proceeding by instituting a countersuit, actually partaking of the nature of a counterclaim. What the majority is permitting appellant to do after coming here to attack a New York resident corporation, is to escape respondent's counterattack with a whole skin and to drag respondent with it to a place where it would enjoy greater advantage than here. Having chosen our forum, defendant should be compelled to remain here and its improper conduct should not be rewarded in the manner determined by the majority. To permit such an escape is to do violence to the very meaning and spirit of *Silver*, and constitutes an abuse of discretion, as a matter of law. To keep the case here would " best serve the ends of justice." Settle order on notice, which shall provide a time limitation for the commencement of the new action and may also provide for the discontinuance of the prior action commenced by Indag against plaintiff.