**Wayne MURTY and Murty Bros. Sales, Inc., Plaintiffs,**

v.

**S. A. Prince AGA KHAN, Defendant.**

**Nos. 81–CV–1898, 81–CV–2419.**

United States District Court, E. D. New York.

Dec. 8, 1981.

Nolan & Heller by Richard H. Weiner, Albany, N. Y., for plaintiffs.

**480**

Curtis, Mallet-Prevost, Colt & Mosle by Peter Fleming, Jr., New York City, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, Chief Judge:

This action arises out of the collapse of the financial empire of Marcel Boussac, a French citizen. Among Mr. Boussac's possessions at the time of his bankruptcy were 200 thoroughbred horses. While the French bankruptcy proceedings were pending 56 of these horses were sold in France without the consent of the bankruptcy trustees to the individual plaintiff, an American citizen resident in New York. Subsequently the trustees contracted with defendant, "His Highness the Aga Khan," a citizen of France, for the sale of all 200 horses. They then sought and obtained a judgment from a French court voiding the sale to plaintiff and returning the 56 horses to their trust. Finally, they sold the horses to defendant under the terms of his original offer.

Plaintiff unsuccessfully sued defendant in a French court to void the latter's purchase of the 56 horses. During the course of this litigation articles appeared in several periodicals suggesting that defendant had improper influence over the French racing industry. On the basis of these articles defendant obtained a judgment in a French court against plaintiff for defamation.

In the present action plaintiff seeks tort damages for defendant's alleged interference with his French contract rights. The claim is based on allegations that defendant used improper influence on French racing and customs officials and the French courts. Defendant moves for dismissal claiming that this is an inconvenient forum and on jurisdictional grounds.

■ A court may refrain from exercising jurisdiction when an adequate and appropriate alternative forum is available and trial of the case in the court in which it was brought would seriously inconvenience or prejudice defendant or the interests of justice. *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947);

*Koster v. Lumbermen's Mutual Casualty Company*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *Rogers v. Guaranty Trust Company of New York*, 288 U.S. 123, 130, 53 S.Ct. 295, 298, 77 L.Ed. 652 (1932). "[J]urisdiction will be declined whenever considerations of convenience, efficiency, and justice point to the courts of the state of domicile as appropriate tribunals for the determination of the particular case." *Rogers v. Guaranty Trust Company of New York*, 288 U.S. 123, 131, 53 S.Ct. 295, 298, 77 L.Ed. 652 (1932).

Transfer to another domestic jurisdiction is mandated under appropriate circumstances by 28 U.S.C. § 1404(a), "but the enactment of § 1404(a) did not deprive the federal courts of their inherent right to refuse jurisdiction in cases which should have been brought in a foreign country." *I Moore's Federal Practice* ¶ 0.145[3.–1] n. 5. *See Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir. 1972); *De Sairigne. v. Gould*, 83 F.Supp. 270 (S.D.N.Y.), *aff'd*, 177 F.2d 515 (2d Cir. 1949), *cert. denied*, 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338 (1950). "An American citizen does not have an absolute right, under all circumstances, to sue in an American court." *Vanity Fair Mills v. T. Eaton*, 234 F.2d 633, 645 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). *See De Sairigne v. Gould, supra*. United States citizenship is "an important, but not necessarily determinative factor in whether the action may be dismissed on the grounds of *forum non conveniens*." *John Fabick Tractor Co. v. Penelope Shipping Co. & S. S. World Mermaid*, 278 F.Supp. 182, 183 (S.D. N.Y.1967). *Cf.* N.Y. CPLR 327 (inconvenient forum); *Silver v. Great American Insurance Co.*, 29 N.Y.2d 356, 361, 328 N.Y. S.2d 398, 402, 278 N.E.2d 619 (1972); *Irrigation & Industrial Development Corp. v. Indag, S.A.*, 44 A.D.2d 543, 353 N.Y.S.2d 471 (1st Dept. 1974).

■ Where the decision to exercise jurisdiction turns solely on the balance of convenience between the parties federal courts are reluctant to force an American plaintiff to litigate in a foreign court. *Leasco Data Processing Equipment Corp. v. Maxwell*,

468 F.2d 1326, 1344 (2d Cir. 1972). Forum non conveniens, however, may be invoked in response not only to the prospect of prejudice to the defendant, but also where "facts ... make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. Lumbermen's Mutual Casualty Company*, 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947). In *Gulf Oil*, the court elaborated on this standard:

> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for the courts when litigation piles up in congested centers instead of being handled at its origin .... There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. .

330 U.S. 501, 508–9, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ Sometimes the interests of the administration of justice are themselves insufficient to justify forcing an American plaintiff to litigate abroad. *Burt v. Isthmus Development Company*, 218 F.2d 353, 357 (5th Cir. 1955). Where, however, the balance of convenience of the litigants and the interests of the administration of justice both militate in favor of transfer of venue to a foreign jurisdiction, the argument for favoring an American citizen's choice of forum becomes less compelling. *Vanity Fair Mills v. T. Eaton*, 234 F.2d 633, 646 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956).

■ Trial courts have traditionally been granted wide discretion in weighing the variety of factors bearing on a decision to refrain from exercising jurisdiction. *Alcoa v. N/V Nordic Regent*, 654 F.2d 147 (2d Cir. 1980).

> "Exercise ... of the doctrine of forum non conveniens is committed to the sound discretion of the district court to be exercised in light of all the circumstances in the case. The combination and weight of

factors requisite to a given result cannot be catalogued. At stake is the art of judging.

*I Moore's Federal Practice*, ¶ 0.145(5), pp. 1619–20.

In one recent second circuit case, *Farmanfarmaian v. Gulf Oil Corp.*, 437 F.Supp. 910 (S.D.N.Y.1977), *aff'd*, 588 F.2d 880 (2d Cir. 1978), for example, a judge's exercise of discretion in dismissing a case with a fact pattern similar to the one now before us was approved:

> Since these agreements were reached in Iran, between Iranian parties and concerning the shares of an Iranian manufacturer ... it is clear that evidence of the breach itself ... must come primarily from Iran, and the major witnesses whose testimony may be needed concerning this breach will also most likely come from there. In addition ... any resolution of plaintiff's claims would of necessity require first some conclusion as to the role of the Iranian government in these events. The proof as to that point, obviously, would come from Iran.

> Aside from these factors, which by themselves weigh heavily toward declining jurisdiction in favor of Iran, it must be recognized that the validity of plaintiff's claims must be determined under Iranian and not American law.

*Id.* at 928, quoted with approval on affirmance, 588 F.2d at p. 881.

■ The United States District Court for the Eastern District of New York is a less appropriate forum than the courts of France for four reasons:

First, the alleged tortious behavior took place in France and, as a consequence, relevant witnesses and memoranda are located in France. Second, it is likely that French substantive law would control. Third, the defendant is claiming that plaintiff is estopped by previous French judgments now being collaterally attacked by allegations of defendant's improper influence on the French courts; resolution of this issue would require this court to evaluate decisions of French courts, a task those courts

are much better suited for. Finally, the relevant court decisions, as well as many other crucial documents, are in the French language. In short, like *Farmanfarmaian*, this case concerns matters taking place in a foreign country, witnessed in that country, of primary concern to that country, involving that country's governmental and legal institutions, and governed by that country's law.

■ It is true that before sending litigants abroad a court must assure itself that the alternative forum is adequate to protect their rights. Where the traditions and powers of a foreign judiciary are uncertain an American court should not dismiss a case "without resort to a comparison of alternative procedural safeguards." *Phoenix Canada Oil Co. Ltd. v. Texaco*, 78 F.R.D. 445, 455 (D.Del.1978).

■ Plaintiff's complaints about the influence which defendant can and will bring to bear on the French judicial system—though fervently presented—are not supported. He alleges neither that the French judiciary is inadequately protected from interference nor that it lacks appropriate procedural safeguards. The adequacy of a foreign forum for purposes of transfer of venue turns not on the status any individual litigant may hold in a foreign society, but on the soundness and procedural fairness of that society's court system.

■ Principles of comity as well as common knowledge preclude our characterizing the French judicial system as any less fair than our own; the French courts can be expected to protect American litigants. *See, e.g.*, H. Abraham, *The Judicial Process: An Introductory Analysis of the Courts of the United States, England and France*, 254–269 (1975) ("The French administration of justice, far more than the Anglo-American, has become a model abroad"); A. Von Mehren, *Civil Law Systems*, 215–245 (1977); Beardsley, "Constitutional Review in France," 1975 *Sup.Ct.Rev.* 189; Brown, "DeGaulle's Republic and the Rule of Law: Judicial Review and the *Conseil D'Etat*," 46 *Boston Univ.L.Rev.* 462 (1966). Judicial no-

tice of the nature of a foreign judicial system is appropriate on a motion to dismiss. *Fed.R.Evid.* 201(f) ("Judicial notice may be taken at any stage in the proceeding"); *Bulova Watch Co. Inc. v. K. Hattori & Co. Ltd.*, 508 F.Supp. 1322, 1328 (E.D.N.Y.1981). But *cf. Menendez Rodriquez v. Pan American Life Insurance Co.*, 311 F.2d 429, 433 (5th Cir. 1962) (placing burden on defendant to show that plaintiffs could "obtain justice in the courts of Cuba," rather than "embark[ing] upon an international sea of judicial notice of the treatment of those who flee their native land and return to Castro's jurisdiction.").

■ This motion is not premature. It is, analogous to an attack on competence, jurisdiction or venue, properly made at the threshold of the case before the parties expend any unnecessary efforts in an inappropriate forum. *Cf.* Rule 12(b)(1)(2)(3); *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445, 452 (D.Del.1978). While it is true that the question of authority to exercise jurisdiction is logically prior to the decision to exercise it, an early decision on forum non conveniens cannot prejudice a plaintiff as might a premature decision on the merits.

> The decision whether to hear a particular pretrial motion that is not expressly authorized by the rules or a statute is largely a matter of judicial discretion, which must be exercised in light of the policy against unnecessary motions.

5 Wright & Miller, *Federal Practice & Procedure—Civil* ¶ 1360, p. 634 (1969). This policy is furthered by the desirability of considering first the most easily decided dispositive motion not directed to the merits. Dismissal on grounds of forum non conveniens before other jurisdictional issues are decided is proper.

The action is dismissed without prejudice on condition that defendant consents to jurisdiction in an appropriate court in France.

So ordered.